# SUPREME COURT.

## THOMPSON agt. KRIDER.

*Either* party may notice and bring on the trial of a cause before a *referee*, the same as if the trial was before the court.

Consequently, where both parties notice the cause, neither can charge delay or default upon the other, for not bringing on the hearing.

*Steuben Circuit and Special Term, May,* 1853.   This case was referred to a sole referee by stipulation between the attornies for the respective parties, and an order of the court entered thereon.   The cause was noticed for trial by both parties, to come on before the referee at the American Hotel in the village of Dansville, in the county of Livingston, on the 27th day of April last, at ten o'clock in the forenoon, the time and place agreed on by stipulation between the attornies, for the trial: at which time and place, the parties, with their counsel and witnesses appeared ; and the referee was also present, but was engaged as referee in the trial of another action which was expected to occupy the whole of that day.   After remaining in attendance until some time in the afternoon, and there being no prospect of being able to bring on the trial that day, the plaintiff dismissed his witnesses, and the trial was not moved in pursuance of the notice.

The affidavit on the part of the defendant states among other things, that the referee refused to proceed to the hearing at the instance of the defendant's counsel, for the reason that, as he understood the practice, the defendant could not notice for trial or move a cause before a referee.   It appears that both parties were ready for trial, and the plaintiff could not move it on during the day mentioned, by reason of the engagement of the referee on the trial of the other action.   It also appears that the plaintiff's counsel, in the course of the afternoon of the same day, offered the defendant's counsel to postpone the trial to such time as would suit the convenience of both parties, which offer was refused.   A motion is now made on the part

Thompson agt. Krider.

of the defendant, for an order, requiring the plaintiff to pay the defendant his costs and disbursements of preparing for trial and attending before the referee, with costs of the motion.

S. HUBBARD, *for Defendant*.
R. L. DORR, *for Plaintiff*.

WELLES, Justice.—The question presented in this case, and upon which the decision of the motion must turn, is whether, in a case where the issue has been referred to a referee to hear and determine, it is competent for the defendant to notice the action for trial, and bring the same to a hearing before the referee.

Both parties noticed the cause for trial, and if the defendant had the right to do so, he was, manifestly, as much in default as the plaintiff, in not bringing on the hearing; and consequently has no right to ask for costs against the plaintiff, (*see rule* 20 *of August*, 1852.) That the referee would not have allowed him to bring it on, does not change the principle, as the plaintiff is not responsible for the erroneous opinion of the referee.

The Code has made no express provision on this subject. By section 256, either party may give notice of trial. This however, I think, was intended primarily to refer to trial by jury, or by the court; because, in the same section, and in immediate connection with the provision, it is declared that "the party giving the notice shall furnish the clerk, at least four days before the court, with a note of the issue," &c., and that "the clerk shall thereupon enter the cause upon the Calendar," &c. This can hardly be understood as applying to the case of a trial before a referee,—where no note of issue was ever heard of, and where there is no clerk or Calendar—and so of section 258, which is a part of chap. III, of Tit. VIII, of part 2d, entitled, "Trial by jury," authorizing either party giving notice to bring the issue to trial, and in the absence of the adverse party, unless *the court*, for good cause, otherwise direct, to proceed with his case and take a dismissal of the complaint, or a verdict or judgment as the case may require. This clearly has no reference to a trial before a referee.

But section 272 provides that "the trial by referees is conducted in the same manner, *and on similar notice* as a trial by the court." Inasmuch as there is no other authority to be found in the Code for either plaintiff or defendant to notice the trial before a referee, I think it reasonable to conclude, that the intention was to allow either party to give notice, and bring the issue to trial before the referee. Justice ALLEN so held in Williams agt. Sage, (1 *Code Rep.* 358, *N. S.*,) remarking that such had been the practice under the Code, and that its convenience commended it to favor, and I agree with him that it should be upheld, unless clearly unauthorized. There are other considerations tending to show that such was the intention of the law-makers, but I forbear to refer to them. There is nothing in the case of Holmes agt. Slocum, (6 *How. Pr. R.* 217,) in conflict with these views. It is merely intimated in that case, which did not involve this question, that sections 256 and 258 did not apply to a trial by a referee; which I think is true, excepting so far as § 272 has made § 256 applicable. But for the reasons mentioned, I am of the opinion that either party may notice and bring on the trial before a referee, the same as if the trial was before the court; and that where the defendant as well as the plaintiff notices the case for trial, he cannot charge delay or default upon the plaintiff for not bringing on the hearing. The motion is therefore denied; but as the question has not been regarded as settled no costs are allowed for opposing the motion.