(12 Misc. Rep. 206.)

### ISRAEL v. VOIGHT et al.

(Superior Court of New York City, Special Term. April, 1895.)

DISMISSAL OF COMPLAINT—WAIVER OF RIGHT.

Where a complaint is subject to be dismissed on defendant's motion because plaintiff has not brought it to trial before the trial of other causes, which issues were subsequently joined, defendant, by service of notice of trial, does not waive his right to the dismissal.

Action by Moses Israel against Henry A. Voight and others. Defendants move to dismiss the complaint for failure to prosecute. Granted.

Reginald H. Arnold, for the motion.
Lyman Rindskopf, opposed.

GILDERSLEEVE, J. This is a motion to dismiss the complaint, with costs, for failure to prosecute. Issue was joined on the 14th day of June, 1893. No note of issue has been filed. The action is one triable by jury. On September 12, 1894, defendants served notice of trial, and on the 11th of March, 1895, defendants served notice of motion to dismiss the complaint, for plaintiff's unreasonable neglect to prosecute the action. Thereafter, and on the 18th of March, 1895, plaintiff served notice of trial. Since issue was joined herein, younger issues have been reached, in their regular order on the calendar, and been disposed of. It is the well-established practice in the First judicial district of the supreme court, and in this court, that whenever an issue of fact triable by a jury has been joined, and the plaintiff therein shall fail to bring the same to trial according to the course and practice of the court, the defendant, at any time after younger issues shall have been tried in their regular order, may move at special term for the dismissal of the complaint, with costs. But, if it be made to appear to the court that the neglect of the plaintiff to bring the action to trial has not been unreasonable, the court may permit the plaintiff, on such terms as may be just, to bring the said action to trial at a future term or circuit. Rule 36, Gen. Rules Prac. (Code, § 822). The defendants have not waived their rights herein by the service of their notice of trial, for the cause has never been put on the calendar. Chilcott v. Waddingham, 1 Law Bull. 50. Nor were they required to put the cause on the calendar before making this motion. James v. Shea, 2 Civ. Proc. Rep. 358. The facts presented on this motion meet the requirements of rule 36, and plaintiff has not shown any excuse for

his neglect to prosecute, such as would justify the court in exercising its discretionary powers to permit plaintiff to proceed with the action.    The case of Thompson v. Krider, 8 How. Prac. 248, providing that, where both parties notice the cause, neither can charge delay or default upon the other for not bringing it to a hearing, does not apply to this motion, since the plaintiff did not notice the cause for trial until after the motion papers herein had been served on him by defendants, and also for the reason that it was not a case in the First judicial district.    Rule 36 of the general rules of practice applies only to courts in the First judicial district, so that the cases cited by plaintiff's counsel do not govern this motion.    The motion to dismiss the complaint, with costs, must be granted.    Motion granted, with costs.