PATTERSON v. PATTERSON.

(Supreme Court, Appellate Division, First Department. April 24, 1896.)

1. DIVORCE—TEMPORARY ALIMONY.

    The allowance of temporary alimony and counsel fees rests in the discretion of the trial court, but the exercise of such discretion is reviewable.

2. SAME—IMPOSING CONDITIONS—REFERENCE.

    The temporary alimony awarded to a wife who is plaintiff in an action for separation should be based on the evidence, and be such in amount as is necessary and reasonable in view of the requirements of the trial and the circumstances of the parties; and where an order has fixed such an amount it is not a proper exercise of the court's discretion to make its payment conditional on plaintiff's consent to a reference, or to require payment of double the amount on failure of defendant to consent to such reference.

Appeal from special term, New York county.

Action by Frances E. Patterson against Charles G. Patterson for separation. From the provisions of an order allowing temporary alimony and counsel fees, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

E. S. Clinch, for appellant.
John R. MacArthur, for respondent.

RUMSEY, J.    The action was brought for a separation.    After issue was joined, the plaintiff moved for alimony and counsel fees, and after a full hearing the court made an order containing the following provisions, from which the appellant has taken this appeal:

"That, if both plaintiff and defendant consent to such reference, an allowance of twenty-five dollars per week shall be paid to the plaintiff or plaintiff's attorneys by the defendant on or before the noon of Saturday of each week, commencing on Saturday, February 29th, and until the referee shall make his report.  That the further sum of two hundred and fifty dollars, back alimony, be paid by defendant to plaintiff or plaintiff's counsel on or before the 29th day of February, 1896, which sum, when paid, shall be in full for all alimony to which the plaintiff shall be entitled up to the 22d day of February, 1896. That two hundred and fifty dollars be paid as a counsel fee by defendant to plaintiff's attorneys on or before the 7th day of March, 1896.  That if the plaintiff refuses to consent to a reference as above ordered by serving on or before February 24, 1896, a consent in writing upon the attorney for the defendant, no alimony or counsel fee shall be allowed, and her motion will be denied.  If the plaintiff shall consent as above provided, and the defendant shall not, on or before the 29th day of February, 1896, consent to a reference as above ordered, then the amount to be paid by him as above ordered shall in each case be double the amount above mentioned.  If there be an order of reference herein, that the said reference proceed on two days' notice by either party to the other, and continue from day to day until completed, unless the referee shall otherwise order."

It is not necessary to rehearse the testimony in this case.    After having read it, we are satisfied that, if this order had confined itself simply to awarding to Mrs. Patterson the amount of alimony and counsel fee which was fixed by the court, no fault could have been found with it.    The question simply is whether those provisions of the order cited above are proper, so far as they take away the alimony from the plaintiff, if she refuses to consent to a reference, or increase the amount of it in case the defendant refuses to consent. The order for alimony and counsel fees in matrimonial actions is discretionary, but, like all discretionary orders, it is reviewable by the appellate division.    In cases of this kind, if there has been a palpable abuse of the discretion of the court, or if the court seems to have been controlled by improper considerations in making the order, there is no doubt of the power of this court to review its action upon appeal.    Lowenthal v. Lowenthal, 68 Hun, 366, 22 N. Y. Supp. 858.    That condition of affairs clearly exists here.    In making allowances of this kind to the wife, they should be such only as are necessary to enable her to carry on the action or for her support, having regard to the circumstances of the respective parties. Code Civ. Proc. § 1769.    In fixing the amount of alimony, the court should take into consideration the nature of the action, whether or not the wife has a good cause of action, the probable difficulty of proving her case, and the strength of the case she is likely to be required to meet, and the probable expense of carrying on the litigation.    In coming to a conclusion as to the amount of alimony, the station in life of the husband, his means as shown by the testimony, including his expenditures, and his apparent condition, should be the criterion as to the proper amount necessary to give the wife suitable support; it being remembered that such suitable support is

not simply what will supply her with the bare necessaries of life, but such a sum as will keep her in the situation and condition in which her husband's means entitle her to live.    When those questions are answered, and the amount necessary to pay such expenses is ascertained, the amount of the allowance ceases to be entirely a question of discretion, but should be made commensurate with those needs.    But the wife, while she should have so great an amount as is necessary to pay those expenses, if the husband's means will permit, is not to have more than that, and should have nothing awarded to her if she has means of her own sufficient to carry on the action and to support herself.    Collins v. Collins, 80 N. Y. 1.

It may be that in actions for separation, where a jury trial is not a matter of right, the court may, as a condition of awarding alimony, require the wife to consent to a reference, to the end that the rights of the parties may be quickly determined, and the amount of permanent alimony to be paid, if the wife is entitled to it, may be ascertained.    But alimony or counsel fees should never be given to a wife for the mere purpose of punishing the defendant, the husband, either because he refuses to consent to the taking of any step in the action, or because he has shown by the proceedings in the action that he is an unworthy person.    It is quite likely in this case that each of these reasons may have moved the court to double the amount of alimony and counsel fee in case the defendant refused to consent to a reference, but that action was entirely unwarranted.    While the speedy disposition of these actions is always to be desired, yet, ordinarily, parties should not be compelled to consent to a reference.    The court, not content with awarding alimony and counsel fees to the wife, directed that, if the husband did not consent to refer the case, double the amount which had been fixed by him as a sufficient alimony and counsel fee should be paid. This action of the court, we think, was error.    The case made by the plaintiff was such as to entitle her to alimony and counsel fee, and there was no case which would authorize the court to require her to consent to a reference as a condition of obtaining it, and certainly nothing to require the defendant to pay double the amount which was necessary to support his wife, and enable her to carry on the action, if he did not consent to refer the case.

For these reasons so much of the order as denies alimony or counsel fee to the plaintiff if she refuses to consent to a reference, and so much of the order as doubles the counsel fee and alimony if the defendant refuses to consent to a reference, and so much of the order as requires that the reference should proceed upon two days' notice, and continue from day to day until completed, is reversed; but the second, third, and fourth subdivisions of the order, which award alimony and counsel fee to the plaintiff at the sums therein fixed, are affirmed, and, as thus modified, the order is affirmed, without costs.    All concur.