## SILVERMAN v. BARUTH.

(Supreme Court, Appellate Division, First Department. June 9, 1899.)

DISMISSAL—FAILURE TO PROSECUTE—DISCRETION OF COURT.

> Motion to dismiss for want of prosecution for four years, and because younger issues had been tried meanwhile, under Code Civ. Proc. § o42, was denied on plaintiff's promise to pay motion costs and serve notice of trial, though plaintiff's only excuse for delay was that his attorney had forgotten the action was pending. Plaintiff, however, took no further steps for four months, and, on renewal of the motion to dismiss, offered no excuse for his neglect. *Held*, that refusal to dismiss on the last motion was subject to review, as an improper exercise of the court's discretion.

Appeal from special term, New York county.

Action by Isaac Silverman against Dora Baruth. There was an order denying defendant's motion to dismiss the complaint for want of prosecution, and defendant appeals. Reversed.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Robert H. Wilson, for appellant.
Arthur D. Greenfield, for respondent.

McLAUGHLIN, J. Issue was joined in this action by the service of an answer in March, 1894. No further proceedings were taken until November, 1898, when the defendant moved, upon affidavits showing that the plaintiff had never noticed the case for trial or placed it upon the calendar, and that younger issues had in the meantime been tried in their regular order, to dismiss the complaint for want of prosecution. In opposition to the motion, the plaintiff's attorney submitted his own affidavit, from which it appeared that the only excuse for the delay was that he had forgotten that the action was pending. In this affidavit he stated that the plaintiff was "desirous and anxious to go to trial," and that if the motion were denied he would immediately place the cause upon the calendar for trial. The motion was denied, on condition, however, that the plaintiff serve notice of trial, and place the cause on the calendar for the next term of court, and pay to the defendant $10 costs of the motion. The plaintiff's professed desire to place the cause upon the calendar and his anxiety to try the same seem to have entirely abated after the denial of the motion, because he did not then or at any time thereafter comply with any of the conditions imposed. He did not serve notice of trial, place the cause upon the calendar, pay the motion costs, or even enter the order denying the motion. He did absolutely nothing until March, 1899, when the defendant, upon the original affidavits, and an additional one showing the continued neglect and failure of the plaintiff to proceed in the action, made another motion for leave to reargue the former one, and for an order dismissing the complaint upon the new default of the plaintiff in failing to comply with the directions of the court. This motion was denied, and an order entered to that effect, from which the defendant has appealed.

We are of the opinion that upon the conceded facts the last motion should have been granted. The action had been at issue over five years, and during that time the plaintiff had taken no steps therein except to oppose defendant's motion to dismiss for want of prosecution. He succeeded in defeating the motion, when first made, upon an affidavit made, not by the plaintiff, but by his attorney, which simply showed that the only excuse for the delay was that the attorney had forgotten the action was pending. That motion, however, was denied upon the express condition that the plaintiff should serve notice of trial, place the cause upon the calendar for the next term, and, in addition, pay the costs of the motion. These were the conditions imposed, and, if the plaintiff did not want the complaint dismissed, it was incumbent upon him to see that the same were complied with. He not only did not do this, but he did not even offer any excuse for his neglect and failure in this respect. He had succeeded in defeating defendant's motion to dismiss, and it then became his duty not only to promptly enter the order, but also to comply with the conditions imposed; and for his neglect and failure in this respect the last motion should have been granted. This neglect and delay of three months, unexplained, together with the preceding long delay of over five years, constituted laches of such a character, on the part of the plaintiff, as to require a dismissal of the complaint.

Unreasonable delay and neglect to proceed in an action is a ground for the dismissal of the complaint (Code Civ. Proc. § 822), and, under the General Rules of Practice (rule 36), the defendant is authorized to move for a dismissal at any time after younger issues have been tried in their regular order. It is true that the motion to dismiss is addressed largely to the discretion of the court; but the order made, like all discretionary orders, can be reviewed, and, if the appellate court can see from the record before it that the court below has abused or improperly exercised the discretion lodged in it, then there is no doubt that the appellate court has power to review the order, and to reverse it, in order to correct the error. Lowenthal v. Lowenthal, 68 Hun, 366, 22 N. Y. Supp. 858; Patterson v. Patterson, 4 App. Div. 146, 38 N. Y. Supp. 637.

We think in this case the discretion of the court was improperly exercised, under the facts presented, and for that reason the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

(27 Misc. Rep. 682.)

### In re 478 CHERRY ST.

(Supreme Court, Special Term, New York County. June 17, 1899.)

MECHANIC'S LIEN—DISCHARGE OF LIEN—MOTION TO SUBSTITUTE BOND FOR DEPOSIT.

    Since the statutes contain no provision for the substitution of a bond in place of a deposit in court, made to discharge a mechanic's lien, a motion for such substitution will be denied for want of jurisdiction.

Motion to substitute a bond for a deposit already paid into court for the discharge of a mechanic's lien against No. 478 Cherry street. Motion denied.

C. H. Fisher, for the motion.

E. C. Baldwin, opposed.