PEOPLE ex rel. ALLEN v. YORK et al.. Commissioners of Police Department.

(Supreme Court, Appellate Division, First Department. June 12, 1903.)

1. MANDAMUS—DISCONTINUANCE—ORDER—FORM.

An order discontinuing mandamus proceedings at the instance of relator, on the ground that relator had no remedy by mandamus, "without prejudice of the relator to sue," should be modified by striking out the clause quoted, as the discontinuance was not a decision on the merits such as to bar a subsequent action.

Appeal from Special Term, New York County.

Mandamus by the people, on the relation of John H. Allen, against Bernard J. York and others, as commissioners, etc., of the police department of the city of New York. From an order discontinuing proceeding, "without prejudice to right of relator to sue," defendants appeal. Modified.

Argued before HATCH, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Terence Farley, for appellants.

Abram I. Elkus, for respondent.

LAUGHLIN, J. On the 3d of July, 1896, the relator, then a patrolman in the police department of the city of New York, was assigned to duty in the detective bureau, where he continued to perform duty until the 1st day of January, 1898, at which time the Greater New York Charter took effect. The relator, claiming to have been so continued in office, and to have become a detective sergeant by that act, instituted this mandamus proceeding to compel the payment of the difference between $1,300 per annum, the salary received by him since January 1, 1898, and $2,000 per annum, the salary to which he claims to have been entitled from that date to December 1, 1899. Upon his petition an alternative writ was issued, to which a return was filed, and then the proceeding, with many others, was allowed to stand, pending the determination of a similar proceeding entitled People ex rel. Daly v. York. The test proceeding resulted in a final order dismissing the alternative writ. Upon appeal to this court the order was sustained, upon the ground that mandamus would not lie, inasmuch as no appropriation had been made for the payment of the additional salary claimed; but the affirmance was expressly made "without prejudice to the right of the relator to sue," and our decision was affirmed by the Court of Appeals. People ex rel. Daly v. York et al., 66 App. Div. 455, 73 N. Y. Supp. 331; Id., 171 N. Y. 627, 63 N. E. 1120. The proceeding had been heard upon the merits, and this clause was inserted in the order of affirmance, not for the purpose of saving any cause of action that the relator might have from the statute of limitations, nor debarring the city from interposing the statute of limitations as a defense, but solely that the final order in the mandamus proceeding might not be deemed a bar to any action that the relator might see fit to bring. We neither decided that the relator had or that he had not a cause of action against the city. We merely determined that, whether he did or not, mandamus was not the proper remedy. Since the merits were apparently presented, and the order was apparently a decision upon the merits and might therefore bar an action, we incorporated the provision quoted, to leave the relator free to bring an action without being barred by the final order.

The order from which this appeal is taken was made on the application of the relator. The police commissioners have no objection to the discontinuance of the proceeding. They, however, strenuously object to the clause providing that it is without prejudice to a suit. The relator seeks to sustain this clause in the order upon the ground that it will save his cause of action from the statute of limitations

(Code Civ. Proc. § 405), and the appellants for the same reason contend that the clause should be stricken from the order. It is not necessary that we should decide whether the clause, if retained in the order, would save any cause of action the relator may have from the statute of limitations, for we are not concerned with the running of that statute. We merely decided before that the relator could not have the relief sought in this proceeding; but since we did not decide his claim upon the merits, we in effect modified the order so as to show that the decision was not upon the merits. In the case at bar, there having been no decision, there is no room for any claim that the commencement of this proceeding would be a bar to an action; therefore, in discontinuing it upon his own application, the relator is not entitled to the clause which was properly incorporated in the final order in the other proceeding.

It follows, therefore, that the order should be modified by striking out the clause "and without prejudice to the right of the relator to sue," and, as so modified, affirmed, without costs. All concur.