### PEOPLE ex rel. ARFKEN v. YORK et al., Police Com'rs.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

**1. DISMISSAL—NEGLECT TO PROSECUTE.**

Code Civ. Proc. § 822, provides that when plaintiff unreasonably neglects to proceed the court may dismiss the complaint, and Gen. Rules Prac. 36, provides that, where plaintiff fails to bring an issue of fact to trial, the defendant, at any time after younger issues shall have been tried, may move for a dismissal. *Held*, that where younger issues on the calendar had been tried in their regular order, and no excuse was offered for plaintiff's delay, defendant was entitled to a dismissal.

[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Dismissal and Nonsuit, §§ 140–142.]

**2. MANDAMUS—DISMISSAL—ORDER—RECITALS.**

Where, in mandamus, the proceedings were heard on the merits on appeal from a final order dismissing an alternative writ, and there were inserted in the order of affirmance the words "without prejudice to the rights of the relator to payment," and subsequently another party commenced similar proceedings to obtain the same result, and an order dismissing them for want of prosecution contained a recital that the motion was granted for the reasons given in the former case, referring to it by title, such recital was erroneous, there having been no decision on the merits, and there being no basis for a claim that the proceedings would be a bar to an action.

Appeal from Special Term, New York County.

Mandamus by the people, on the relation of George L. Arfken, to compel Bernard J. York and others, as police commissioners of the city of New York, to pay relator a salary as detective sergeant. From an order denying a motion to dismiss the proceeding for want of prosecution and from an order denying a motion to resettle the same, defendants appeal. Reversed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Terence Farley, for appellants.
Abram I. Elkus, for respondent.

McLAUGHLIN, J. This appeal is from an order denying a motion to dismiss the proceeding for want of prosecution, and also from an order denying a motion to resettle the same. The motion to dismiss was granted not for want of prosecution, but for "the

reasons given in the opinion * * * in People ex rel. Daly v. York, 66 App. Div. 453, 73 N. Y. Supp. 331." The defendants thereupon moved to resettle the order by striking out the words quoted and inserting in place thereof words to the effect that the proceeding was dismissed for want of prosecution. This motion was denied, and an appeal has been taken from both orders.

I am of the opinion that the orders should be reversed. The proceeding was instituted on the 14th of June, 1900, for the purpose of compelling the police commissioners to pay the relator, a member of the police force of the city of New York, then doing detective work, the salary of a detective sergeant. An alternative writ of mandamus was obtained, and issue joined by filing a return on the 20th of August, 1900. Younger issues upon the calendar have been tried in their regular order, and no excuse was offered for the delay on the part of the relator. Therefore, under section 822 of the Code of Civil Procedure and rule 36 of the general rules of practice, the defendants were entitled to have the proceeding dismissed. The relator had failed to bring the proceeding to trial in accordance with the course and practice of the court, and his failure to do so was unreasonable. Defendants' motion should therefore have been granted. Silverman v. Baruth, 42 App. Div. 21, 58 N. Y. Supp. 663; Zafarano v. Baird, 80 App. Div. 144, 80 N. Y. Supp. 510; McMann v. Brown, 92 App. Div. 249, 87 N. Y. Supp. 38.

The counsel for the relator does not contend but what the proceeding should have been dismissed, but he claims it was proper to insert in the order that it was dismissed for the reasons given in the opinion in the Daly Case. In that case the appeal was from a final order dismissing an alternative writ of mandamus and from judgment entered thereon. The proceeding had been heard upon the merits, and there were inserted in the order of affirmance the words "without prejudice to the rights of the relator to sue." These words were inserted, as stated in People ex rel. Allen v. York, 84 App. Div. 440, 82 N. Y. Supp. 863, not for the purpose of saving any cause of action which the relator might have, or preventing the city interposing the statute of limitations as a defense, but for the sole purpose of showing that the final order in the mandamus proceeding was not intended to be a bar to any action which the relator might bring. In the case now before us there has been no decision or determination on the merits. Nothing has been done since issue was joined, and there is no basis for a claim that the commencement of the proceeding would be a bar to an action if the relator should see fit to bring one to enforce his alleged claim. The reasons given in the opinion in the Daly Case therefore have no application, and the words referring to it were improperly incorporated in the order. People ex rel. Allen, supra.

The orders appealed from therefore must be reversed, with $10 costs and disbursements, and the motion to dismiss for want of prosecution granted, with $10 costs. All concur.