### PEOPLE ex rel. MORGAN v. BINGHAM, Police Com'r.

(Supreme Court, Appellate Division, First Department. November 23, 1906.)

MANDAMUS—DISMISSAL—VOLUNTARY DISCONTINUANCE.

 In mandamus proceedings to compel a police commissioner to reinstate relator as a member of the police force, the relator is entitled to discontinue the proceeding, but not without prejudice to a new proceeding.

Appeal from Special Term, New York County.

Proceedings by the people, on the relation of William J. Morgan, for mandamus to Theodore A. Bingham, police commissioner. From an

order permitting the relator to discontinue the proceeding, the defendant appeals.  Modified.

Argued    before    McLAUGHLIN,    INGRAHAM,    CLARKE, HOUGHTON, and SCOTT, JJ.

Terence Farley, for appellant.

Frank Moss, for respondent.

McLAUGHLIN, J.   The relator was formerly an active member of the police force of the city of New York, and was retired and placed upon the retired list with a pension.   Subsequently he instituted this proceeding by notice of motion to obtain a writ of mandamus requiring the defendant, as police commissioner, to reinstate him in his former position.   After the motion had been argued, but before the same had been determined, he sought to discontinue the proceeding; but, the corporation counsel refusing to give his consent, a motion was made for that purpose.   The motion was granted, and there was inserted in the order a provision that the proceeding was discontinued, "without prejudice to a new proceeding."   From this order the defendant appeals.

It is difficult to see what objection the defendant could have to the discontinuance of the proceeding.   Certainly the relator had a right to discontinue, if he saw fit.   Defendant was not injured.   It was, in effect, a confession on the part of the relator that upon the papers presented he was not entitled to the relief asked.   He, however, was not entitled to have inserted in the order the words "without prejudice to a new proceeding."   Whether in a new proceeding he would be entitled to the writ must be determined from the papers there presented, unaffected by the order permitting this proceeding to be discontinued.   This we in effect held in People ex rel. Allen v. York, 84 App. Div. 440, 82 N. Y. Supp. 862, and People ex rel. Arfken v. York, 106 App. Div. 590, 94 N. Y. Supp. 812.   These words were improperly inserted in the order.   Therefore the order should be modified by striking them out; and, inasmuch as the defendant has appealed from the whole order, the modification should be without costs to either party.

The order appealed from, therefore, is modified, by striking out of it the words "without prejudice to a new proceeding"; and, as modified, the same is affirmed, without costs to either party.   All concur.