(137 App. Div. 60.)

### FINN v. SCOTTISH UNION & NAT. INS. CO.

(Supreme Court, Appellate Division, Second Department.   March 31, 1910.)

1. DISMISSAL AND NONSUIT (§ 60*)—GROUNDS FOR DISMISSAL—FAILURE TO PROSECUTE.

Plaintiff sued defendant insurance company October 21, 1901, for a loss occurring October 22, 1900, the action being brought one day before limitations would have run.   Issue was joined in January, 1902; but the case was not put on the calendar until April, 1903.   A new calendar was made up in June, 1903; but the case was not placed upon it, and did not appear on the calendar until some time in 1904.   In April, 1905, it was reached on the regular call, and, there being no appearance for the plaintiff, the complaint was dismissed.   A motion was thereafter granted to open the default; but the case was not restored to the calendar, and in May, 1906, a motion was made to dismiss for want of prosecution.   In October, 1906, the case was again reached on the calendar and marked off, there being no appearance for plaintiff.   At about that time consent to substitution of counsel for plaintiff was given; but no order was entered upon it until January, 1910, after a motion to dismiss had been made. *Held* that, under Code Civ. Proc. § 822, giving the court, in its discretion, the right to dismiss the complaint when plaintiff unreasonably neglects to proceed in the action, and General Rules of Practice, 36, making proof that younger issues have been tried in their regular order on the calendar prima facie proof of unreasonable neglect, the refusal to dismiss was an unwise exercise of discretion.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 140–152; Dec. Dig. § 60.*]

2. APPEAL AND ERROR (§ 962*) — QUESTIONS REVIEWABLE — DISCRETION OF COURT.

The discretion exercised by the Supreme Court in refusing to dismiss an action for neglect of plaintiff to prosecute is reviewable by the Appellate Division when unwisely exercised.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3838; Dec. Dig. § 962.*]

Rich, J., dissenting.

Appeal from Special Term, Queens County.

Action by Grace L. Finn against the Scottish Union & National Insurance Company.  From an order of the Special Term, denying a motion to dismiss the complaint, defendant appeals.  Reversed, and motion to dismiss granted.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Donald McLean (David Asch, on the brief), for appellant.

Joseph H. San, for respondent.

BURR, J.   When the plaintiff unreasonably neglects to proceed in the action, the court may in its discretion, on motion of the defendant, dismiss the complaint and render judgment accordingly.  Code Civ. Proc. § 822.   Proof that younger issues have been tried in their regular order on the calendar makes out a prima facie case of unreasonable neglect.   General Rules of Practice, 36; Fisher Malting Co. v. Brown, 92 App. Div. 251, 87 N. Y. Supp. 37.   While the court may relieve a plaintiff from the consequences of his neglect to bring an action to trial, before it is authorized to exercise its discretion in his behalf it

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

must be made to appear that such neglect has not been unreasonable. Regan v. Milliken Bros., 123 App. Div. 72, 107 N. Y. Supp. 722.

The history of this case discloses a willful and persistent purpose on the part of the plaintiff to delay the trial of the issues, in the hope, doubtless, that the witnesses necessary to establish the defense may be scattered or lost track of, and the obtaining of documentary evidence made more difficult. The action was brought October 21, 1901, to recover for an alleged loss of property covered by a policy of insurance issued by the defendant. The fire occurred October 22, 1900. The action was brought just one day before the short statute of limitations would have run. Although issue was joined in January, 1902, the case was not put upon the calendar until April, 1903. Just about that time younger issues were about to be reached on the general calendar, and the purpose doubtless was to avoid a motion at that time to dismiss for want of prosecution. A new calendar was made up in June, 1903; but the case was not placed upon it. It did not appear upon the calendar again until some time in 1904. In April, 1905, it was reached on the regular call, and there being no appearance for the plaintiff, the complaint was dismissed, and judgment of dismissal entered. A motion was thereafter made to open the default; the excuse offered being neglect on the part of the then attorney for the plaintiff to be watchful of the calendar, and failure upon his part to notice that the case was likely to be called. This motion was granted, on payment of $30 costs.

Even then the case was not restored to the calendar, and in May, 1906, a motion was made to dismiss for want of prosecution. Just why that motion was not granted we are unable to determine. From the order, which is made a part of the record on this appeal, it would appear that no answering affidavit on the part of the plaintiff was submitted. In opposition to this motion, an affidavit of plaintiff's attorney, verified at about that time, was read; but it does not appear that such affidavit was then presented to the court. It is not recited in the order entered on that motion, and had not been filed. Thereafter, and in October, 1906, the case was again reached on the calendar and marked off; there being no appearance on the part of the plaintiff or her attorney. At about that time plaintiff claims to have employed new counsel; but, although a consent to substitution was then given, no order was entered upon it until January of this year, after the present motion to dismiss had been made. Plaintiff herself presents no affidavit in excuse for her conduct; but in an affidavit verified by her husband it is sought to lay the blame on the attorneys in the case, and to plead ignorance of the course of judicial proceedings. The excuse is too flimsy. Certainly as early as April, 1905, plaintiff was chargeable with actual notice of the negligent conduct of her attorney; for she claims at that time to have paid the terms imposed as a condition of opening the default previously taken, and she must at that time have known that the case could be speedily tried. Notwithstanding this, she permits the care of the action to remain in the hands of her former attorney for two years, with apparently not the slightest effort on her part to ascertain what was being done in the matter, and after she had employed new counsel no effort was made to bring the case to

trial, or to ascertain why some proceedings were not taken in it, until after this motion to dismiss had been made.

The present show of zeal, coupled with an effort to put the case on the succeeding calendar of the court, comes too late. The want of good faith is too apparent. Seymour v. Lake Shore & Michigan Southern Railway Co., 12 App. Div. 300, 42 N. Y. Supp. 92; Zafarano v. Baird, 80 App. Div. 144, 80 N. Y. Supp. 510; McMann v. Brown, 92 App. Div. 249, 87 N. Y. Supp. 38. The discretion exercised by this court at its Special Term is reviewable by the appellate branch thereof when, as in this case, it seems to us to have been unwisely exercised. Silverman v. Baruth, 42 App. Div. 21, 58 N. Y. Supp. 663.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to dismiss granted, with $10 costs. All concur, except RICH, J., who dissents.