## LAMBERT v. BROWN et al.

### (132 N. W. 781.)

**Dismissal of action for failure to prosecute.**

1. Under § 6999 of the Code of 1905, failure for five years after the commencement of an action to bring the same to trial creates a presumption of unreasonable neglect on the part of the plaintiff, entitling defendants to a dismissal of the action, unless good cause for the delay be shown.

**Dismissal of action for failure to prosecute — discretion.**

2. On an application for dismissal because of such failure to prosecute, the determination thereof is a matter in the sound discretion of the court.

**Dismissal of action for failure to prosecute.**

3. The order dismissing the action because of plaintiff's failure to prosecute the same to trial during a period of nearly six years from its commencement *held* proper, under the facts shown on the application to dismiss.

Opinion filed September 25, 1911.

Appeal from District Court, Ramsey county; *Cowan*, J.

Action by Jules Lambert, Jr., against William H. Brown and others. From an order dismissing the action, plaintiff appeals.

Affirmed.

Goss, J. This is an appeal from the decision of the district court of Ramsey county, dismissing this action for want of prosecution on an application therefor made by the defendant, under the provisions of § 6999, Revised Codes of 1905. Said statutory provision reads:

"All actions which have been commenced or hereafter may be commenced in any of the courts of record in this state, wherein the plaintiff or his successor in interest shall have neglected or shall neglect for a period of five years after the commencement of said action to bring the same to trial, and to take proceedings for the final determination thereof, are hereby deemed dismissed and abandoned by the plaintiff; and the defendant or his successor in interest, or any other person having an interest in said action or in the subject-matter thereof, may apply to the court for a formal order dismissing said action. If upon such application to the court facts shall be presented thereto showing that said action is one covered by the provisions of this section, the court shall make an order formally dismissing said action, which order shall be entered of record in the office of the clerk of the court of the county where said action is pending, and shall have the effect of a final judgment of dismissal."

It is the duty of the court to enforce this statute upon an application made by the party entitled to apply for dismissal. In so doing the court is vested with authority to determine on the record, or on such additional evidence as it may desire and as shall be presented, whether the case is one coming within the five-year provision mentioned in the first paragraph of the statute, and whether a failure by plaintiff to have the matter brought to trial, or in course of proceedings for final determination, within such five-year period, is occasioned by plaintiff's neglect, or is excusable under all the circumstances.

In this determination, a court is clothed with judicial discretion akin to that in passing upon an application to vacate a judgment under § 6884, Revised Codes of 1905, wherein, except in cases of manifest abuse, the holding of the trial court will not be disturbed. See Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228, wherein all previous holdings of this court on said subject are collected. We apply such rule to the case at bar, and briefly recite the record facts to determine whether the trial court abused its discretion in applying the statute and deciding that the case be thereunder "deemed dismissed and abandoned by the plaintiff," and making the formal order dismissing it accordingly.

The facts are not controverted. The summons and complaint were filed July 6, 1903, and issue joined thereon by answer served Novem-

ber 17, 1903. Note of issue was thereafter filed by the defendants December 3, 1905, noticing the case for trial for the term of court convening January 2, 1906. For want of appearance on the part of plaintiff, on the January 9th following, the action was dismissed for want of prosecution. Plaintiff appeared in person on the same day, but after the order for dismissal was made, an oral agreement between counsel in the case was then entered into that the order dismissing the action should be vacated and the case be tried. This oral agreement was, on April 4, 1908, reduced to writing; the parties stipulating "that said cause is hereby reinstated as though it had not been dismissed, and the said case is hereby to be placed on the next June, 1908, general term calendar of this court for trial on its merits." On July 15, 1908, plaintiff's attorney filed a note of issue, noticing the cause for trial for the July 21, 1908, term of said court. The case passed over the term, however, without further action on the part of plaintiff toward bringing it to trial. Defendants served an amended answer on opposing counsel on August 1, 1908. On October 21, 1908, defendants filed certain depositions taken during the preceding August. On March 9, 1909, defendants served motion for dismissal, returnable the following March 18th, the hearing upon which motion was deferred until April 20, 1909, when the plaintiff appeared in person, and testified to facts relative to the first dismissal, tending to show the reason for his nonappearance to have been because of his sickness, and that proceedings herein had been deferred awaiting determination of another case pending in the supreme court of this state between different parties, entitled Brown v. Commonow, 17 N. D. 84, 114 N. W. 728, a decision of which might have an important bearing upon or virtually decide the law propositions involved in the case at bar, which cause, however, had been decided by the supreme court in the January, 1908, term thereof. He further testified that "always since this action has been on the calendar, he has been ready and anxious to have it tried and disposed of," and that the reason it had not been tried was because the attorneys in the case had, by mutual consent, postponed the trial to abide the decision of the case mentioned, previously pending before the supreme court. Plaintiff on said hearing also offered in evidence a letter, dated February 3, 1909, of counsel for the defendants mentioning the action, and stating that the same "will probably not be reached until some

little time yet. The court is still busy with jury cases, and it will probably be some time before they are over yet." That term of court mentioned in said letter passed over without further proceedings having been taken. Upon the filing of the original complaint, a *lis pendens* had been filed against the land involved. The court deferred ruling on the motion heard April 20, 1909, until June 7th following, when an order of dismissal of the action was made, and judgment thereon was entered June 8, 1909.

The action is one in equity, triable to the court. This court will take judicial notice that the county seat of Ramsey county at all times has been the place wherein the district court chambers of that district are located, and that four terms of court each year since the commencement of this action have been fixed by statute to be held, at any of which plaintiff, in the absence of *good cause shown to the contrary*, could have forced the trial of this case. Instead of so doing, it has been permitted to encumber the court calendars of more than twenty terms of court, as fixed by statute to be held. Granting that both counsel have during a considerable portion of this time acquiesced, that does not excuse plaintiff's neglect in commencing an action and permitting it to slumber without trial being had for five and one half years after joinder of issue, and for nearly six years from its commencement, during which time, and some two years after the case had been at issue after defendants had filed note of issue, bringing it on the calendar, a dismissal for want of prosecution had been had, which dismissal was set aside, however, by stipulation, without apparent inconvenience to plaintiff, demonstrating no desire on the part of defendants' counsel to take any advantage of plaintiff or plaintiff's counsel in the case. The statute was enacted to apply to cases of this kind.

The effect of the statute is to declare that a plaintiff permitting a case to drag along without trial for five years after its commencement is prima facie guilty of such unreasonable neglect as, in the absence of proof sufficient to satisfy the court to the contrary, entitles the opposing party to take a dismissal thereof. The statute in effect declares a presumption of negligence on the part of the plaintiff, and throws upon him the burden of exonerating himself therefrom, or suffer dismissal of his action. The statute in question does not extend the limit

to five years within which a dismissal for want of prosecution may be taken, nor affect the usual rules of court procedure regarding disposition of causes. Our statute as to when actions shall be deemed dismissed is more liberal as to time than those of most states. For statutes similar, see § 822 of Bliss's New York Annotated Codes of 1903, vol. 1, p. 1430, and § 583 and subd. 7 of § 581 of Kerr's Code of Civil procedure of California; and for the California holdings thereon, see ¶¶ 160–168, inclusive, of vol. 3, Kerr's Codes, supra.

This case is analogous to the leading New York case of Seymour v. Lake Shore & M. S. R. Co. 12 App. Div. 300, 42 N. Y. Supp. 92, and the following from the opinion in that case is applicable: "The defendant made out a prima facie case of unreasonable neglect to prosecute. The action remained at issue for nearly six years without any step having been taken by the plaintiff to bring it to trial. Unreasonable neglect having thus been shown, the burden of excusing the neglect was thrown upon the plaintiff. . . . The defendant, moving to dismiss, may rest upon proof of neglect thus defined. The rule then throws upon the plaintiff the burden of making it appear to the court that such neglect was not unreasonable. The plaintiff in the present case has failed to make this appear. The only excuse he gives is contained in the vague statement that the action would have been tried long since, but for the ill health of his attorney 'for several years.' . . . Such a statement furnishes no basis for the exercise of judicial discretion. . . . His condition is not bettered by the filing of a note of issue and the service of a notice of trial shortly before the defendant made its motion to dismiss. These acts simply evince present readiness to proceed. They have no bearing upon the past neglect, and they certainly do not tend to excuse it. The defendant says that it has lost its witnesses by the delay. This may or may not be so. It was to prevent the possibility of such instances, and to compel diligence in legal procedure, that the practice was instituted. We deem it our duty to apply the statute and the rule of practice with reasonable fairness. Looseness in their enforcement would inevitably lead to an increase of the mischief which the legislature and the judges in convention aimed to lessen. The order should be reversed." And the action of the lower court denying a motion to dismiss was set aside, and the action dismissed. For other similar holdings, see Israel v.

Voight, 12 Misc. 206, 34 N. Y. Supp. 28; Silverman v. Baruth, 42 App. Div. 21, 58 N. Y. Supp. 663; Paulson v. New Jersey & N. Y. R. Co. 54 App. Div. 189, 66 N. Y. Supp. 364. See cases cited in 17 Century Dig. cols. 136 et seq. See also 14 Cyc. p. 443: "An action may be dismissed or a nonsuit granted for the failure of plaintiff to prosecute it with due diligence, unless he presents sufficient excuse for failure to prosecute. This power exists independently of statute or rule of court." Then, again (p. 445, same authority): "An action is properly dismissed for want of prosecution where there is no appearance by plaintiff or his counsel when his case is called in its order for trial [or] where plaintiff fails to take any steps in the action for several years, especially where younger issues have been tried in order during that time; . . . and leave to plaintiff to amend is no bar to granting defendant's motion to dismiss for lack of prosecution made shortly thereafter." Then, again (p. 446, same authority): "It is no excuse for delay in bringing on the trial of a cause at issue that another cause is pending in which the same principles are involved, and the decision of which might aid in the determination of the case at issue." Then, again (p. 448, same authority): "The fact that defendant notices the cause for trial, the same not having been placed on the calendar, does not waive his right to move for a dismissal. Where this rule [referring to a rule of court as to speeding trial of causes] does not prevail, the proper mode of proceeding on defendant's part, if he would expedite the determination of the cause, is to set it down for trial on his own notice. Then if plaintiff does not choose to try it, defendant may move for a dismissal."

The foregoing authority is here applicable. The facts in the case at bar are more extreme than in Seymour v. Lake Shore & M. S. R. Co. supra. Whatever the intentions of plaintiff may have been, the facts remain that from July 6, 1903, the date of the commencement of this action, a period of more than five years elapsed until July 15, 1908, date of service of note of issue by plaintiff, without any steps being taken by him toward final determination of the cause. In the meantime, defendants had brought the case on the calendar, and once, in January, 1906, procured its dismissal for want of prosecution; and even then plaintiff waited two years before procuring a written stipulation setting aside the dismissal and reinstating the cause on the

calendar, during which time no attempt whatever was made to bring the action on for trial. At the first sign of activity by plaintiff, in July, 1908, defendants served an amended answer, August 1, 1908, and, taking it for granted from the note of issue filed the previous month that plaintiff meant to try the case, defendants prepared for trial by taking and filing depositions after service of such amended answer. This was over six months after the decision in the case of Brown v. Commonow (decided January 9, 1908; reported in 17 N. D. 84, 114 N. W. 728), which case plaintiff urges as a reason for previous delay. Then plaintiff goes to sleep upon whatever rights he may have had after the expiration of the five years from date of commencement of the action, and does nothing during succeeding terms of court until the following spring, when he suddenly becomes active upon the service of the notice to dismiss, and proceeds to try the issue of his own negligence, but urges nothing tending to justify the delay from January, 1908, to March, 1909, granting that the pendency of Brown v. Commonow was sufficient excuse for all delay previous to its decision. Under this showing of fact, we are convinced that the dismissal was properly granted. Plaintiff has not only failed to rebut the presumption of negligence arising from his failure to prosecute the action to trial within five years from its commencement, but has actually established the fact of his own negligence.

The order appealed from is affirmed, with costs.