June Term, 1860.

RAHN
v.
GUNNISON.

---

RAHN, administrator, vs. GUNNISON.

Whether the law requires a summons, under the present practice, to be tested, *quære*.

A summons in an action in a county court was tested in the name of the judge of the circuit court for that county: *Held*, that the matter of the attestation did not involve "the merits of the action or any part thereof," or "affect a substantial right," and that an appeal does not lie from an order denying a motion to strike out the summons and complaint for irregularity and inconsistency, and to set aside a judgment regularly rendered in such action, for want of an answer.

Where a motion to open a judgment and allow the defendant to answer, was denied, but no appeal was taken from the order denying the motion, the order is not before this court for review.

APPEAL from the County Court for *Milwaukee* County. The nature of this case appears sufficiently from the opinion of the court.

*Small & Cogswell*, for appellant, contended that an appeal lay from the order of the court denying the motion to vacate the judgment for irregularity in the summons (E. D. Smith, 349), and that the summons was irregular. 1 Code Rep., 118; 2 id., 75; 4 How. Pr. R., 154; 5 id., 233, 241.

*Von Deutsch & Winkler*, contra, contended that the order did not involve the merits of the action or any part thereof, and cited 10 How. Pr. R., 89, and 4 id., 329.

October 15.   *By the Court*, PAINE, J.   This action was commenced in the Milwaukee *county* court. This appeared on the face of the summons served, but it was irregularly attested in the

name of the judge of the *circuit* court. Before the time for answering expired, the counsel for the defendant served notice of a motion to strike out the summons and complaint for this irregularity. But he obtained no order staying proceedings, and when the time for answering expired, judgment was regularly entered for want of an answer. The motion to strike out the summons and complaint for irregularity was, afterwards brought to a hearing, the defendant claiming that the judgment should be set aside for that purpose, and it was denied. From the order denying it, this appeal is taken.

The counsel for the respondent claims that the appeal should be dismissed for the reason that the order is not appealable. And we are of that opinion. It seems impossible to, say that the mere matter of having a summons properly attested involves the "merits of the action or any part thereof," or "affects a substantial right." We have great doubt whether the law requires a summons under the present practice to be tested. There is no such requirement in chap. 124, R. S., which relates especially to that subject. If necessary at all, it results from chap. 136, which provides that all writs and process issuing from courts of record in this state shall be tested and sealed, &c. But it is very questionable whether a summons under the present practice is a writ or process within the meaning of this chapter or of the constitutional provision as to the style of writs. It is more in the nature of a notice from the plaintiff to the defendant, than of a mandate issuing from the state through its judicial tribunals. Before the Code was adopted, suits were authorized to be commenced by filing a declaration, entering a rule to plead and serving notice thereof on the defendant. R. S., 1849, chap. 90, sec. 8. So the action of ejectment was required to be commenced in that way. R. S., 1849, chap. 106, secs. 5 and 12. Those notices were not writs or process, within the meaning of the constitution, yet they were substantially like the summons of the Code. If this view is correct that a teste was not required by law, then this order certainly was not appealable. 10 How. Pr., 89. But even if the statute directs the summons to be tested, my own opinion still is

that the order would not involve the merits, or affect a substantial right, within the intention of those provisions relating to appeals. I have always been of the opinion that those provisions were intended to have a more restricted meaning than has been given them by some cases in New York. They have held that all orders were appealable, except those relating to matters of practice which were entirely under the control of the court below and not regulated by positive statute. 4 How. Pr., 332. The opinion there delivered admits that there is a difficulty in arriving at the exact meaning of the language of the statute, and suggests several somewhat refined constructions, which are rejected, and the one just suggested is adopted as being a "rational, exact and well defined construction." But I confess it seems to me that the obvious intention of the statute was to confine the right of appeal from orders, to those which are not only not addressed to the mere favor or discretion of the court below, but which also have some effect upon those rights which are litigated in the suit, and that it was not intended to give an appeal from every order relating only to the form or ceremony of the proceeding, even though in respect to matters regulated by statute, where the order could have no possible effect upon the rights litigated in the suit. I know of no better illustration of my position than the one presented by this case, assuming that the law required a summons to be tested. If the law directed it, of course it would not have been left to the control of the court, and the order refusing to set aside the summons would, according to these New York cases, be appealable. But is it not obvious to every mind that the order in such case would have had no more effect upon the rights of either party connected with the subject matter of the suit, than it would if the statute had not required the summons to be tested? It seems to me so. Suppose the statute had said that the summons should be written in a beautiful handwriting, and the defendant had moved to strike it out because not so written. Would it not seem trifling to say that an order refusing, "involved the merits of the action?" Yet it would, within the rule established by these cases.

Suppose in such case, after the order refusing to strike out the summons, the defendant should not appeal but should plead to the merits, and the suit should be tried and judgment recovered against him. Could the order be reviewed here, as an intermediate order "involving the merits and necessarily affecting the judgment," under the provision authorizing such orders to be reviewed? Or would it be an error "affecting a substantial right" within the meaning of sec. 40, chap. 125, which provides that the court shall, "in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect?" I think not, but on the contrary, that the phrases "involving the merits" and "affecting a substantial right," relate only to the subject matter of the litigation, and not to mere matters of practice which cannot affect that, whether regulated by statute or not. I think the word "merits" has a settled legal meaning, excluding the latitude given to it in those cases. "Pleading to the merits," is a phrase of long standing, and distinguishes those pleas which answer the cause of action, and on which a trial may be had, from those which are of a different character. 1 Chit. Pl., 510. "Merits" is thus defined in Burrill's Law Dic.: "Matter of substance in law; as distinguished from matter of form." Matter of mere form, where it is prescribed by statute, becomes, under the New York cases, matter of substance, and a motion to strike out a summons for want of a teste, should be regarded as a plea to the merits. I think the statute used those words in a more restricted meaning, and that the order in question was not appealable.

The case shows a subsequent application, upon affidavit disclosing the defense and excusing the default, to open the judgment and allow the defendant to answer. But he did not appear at the hearing, nor was any appeal taken from the order denying the motion. That order therefore is not before us.

The appeal taken is dismissed, with costs.