## ORTON vs. NOONAN.

An order setting aside service of the complaint (on the ground that the copy served was illegible) and allowing plaintiff to make service thereof within twenty days, on terms, *held* not appealable.

APPEAL from the County Court of *Milwaukee* County

Plaintiff appealed from the following order of the county court:

" The rule or motion to set aside the service of the complaint in this action and dismiss the action, having been argued by the respective parties or their attorneys, and the court being fully advised : It is ordered by the court that the service or alleged service of the complaint be, and it hereby is, set aside, and that the plaintiff may, within twenty days, serve the complaint on the defendant's attorney, on the plaintiff's first paying to him ten dollars, attorney's fees on the motion, and the money, being three dollars, which the defendant paid to the clerk in order to procure the case to be entered in court, and his motion properly filed.    The copy to be served not to be a press copy.    By the court." [Dated July 22, 1872, and signed by the county judge.]

The alleged ground of the motion was that the complaint served was illegible.

Orton vs. Noonan.

*J. J. Orton*, appellant, in person.
*Jason Downer*, for respondent.

LYON, J. It was objected by the counsel for the defendant, on the argument, that the order is not appealable. We are of the opinion that the objection is well taken, and that the appeal must be dismissed.

The order does not grant a provisional remedy, neither does it involve the merits of the action. It certainly does not belong to any other class of appealable orders, unless it be to that class which is defined by the statute as follows: "An order affecting a substantial right, made in any action, when such order, in effect, determines the action and prevents a judgment from which an appeal might be taken." Tay. Stats., 1635, § 11. It may be that the order does affect a substantial right, in that it requires the payment of costs as a condition precedent to the right of re-serving the complaint, but it does not in effect determine the action and prevent a judgment. Hence it is not one of the last mentioned class of appealable orders.

It may be well to remark that our statute is materially different from the New York code in respect to the appealability of an order made in an action which affects substantial rights. There an appeal is given from such an order in the following cases: "3. When it involves the merits of the action or some part thereof, or affects a substantial right. 4. When the order in effect determines the action, and prevents a judgment from which an appeal may be taken." Voorhies' Code (ed. of 1871), p. 554; N. Y. Code, § 349.

It is probable that, unlike our statute, the above provision numbered 3 gives an appeal from any order affecting a substantial right, even though it does not in effect determine the action and prevent a judgment from which an appeal might be taken. Because of this difference it is not deemed necessary to refer to the New York cases on the subject.

*By the Court.*— Appeal dismissed.