## RYAN V. DAVENPORT.

1. Interlocutory orders are not appealable unless made so by statute.
2. An order denying a motion to set aside the service of a summons is not within either provision of Section 5236 of the Comp. Laws, and is therefore not appealable.

(Syllabus by the court. Opinion filed April 3, 1894.)

Appeal from circuit court, Turner county. Hon. E. G. SMITH, Judge.

Action by John Ryan against J. N. Davenport. A motion to set aside the service of summons was denied, and defendant appeals. The respondent moved to dismiss the appeal on the ground that an order denying a motion to set aside the service of a summons is not an appealable order. The motion allowed.

*Keith & Bates,* for appellant.

*Joe Kirby* and *S. V. Jones,* for respondent.

FULLER, J. This appeal is from an order of the circuit court denying a motion to set aside the service of a summons as irregular and void. From the affidavit of appellant J. N. Davenport, upon which the motion in the circuit court was partly predicated, we obtain, in substance, the following facts, namely:

The defendant, a resident of Minnehaha county, was in attendance upon a justice's court in Turner county, both as a party and a witness in his own behalf in a case in which the state of South Dakota was plaintiff and the said J. N. Davenport was defendant; that within an hour and thirty minutes from the conclusion of the trial, and while he was returning to his home, though still in Turner county, the summons of which he complains was served upon him. Respondent's counsel moved to dismiss the appeal from this court for the reason that no appeal will lie from an order denying a motion to set aside the service of a summons, and we are of the opinion that the position is well taken, and that the opinion must be dismissed. The order is interlocutory, and the right to appeal therefore depends en·tirely upon our statute, in which are enumerated the orders from which an appeal will lie. Interlocutory orders are not appealable unless expressly made so by statute. Haynes, New Trials & App. 188, and cases there cited. Section 5236 of the Comp. Laws, is as follows: ''The following orders when made by the court may be carried to the supreme court: 1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken. 2. A final order affecting a substantial right made in a special proceedings, or upon a summary application in an action after judgment. 3. * * * * 4. When it involves the merits of the action or some part thereof. * * *'' Unless the order comes within one of the above provisions, no appeal will lie. An order setting aside the service of the summons would have affected a substantial right, as such order would, in effect, determine the action, and prevent a judgment from which an appeal might be taken. The effect of this order is not to determine the action and prevent a judgment; nor is it in a special proceeding, nor upon a summary application in an action after judgment; neither does it involve the merits of the action, or any part thereof. Orton v. Noonan, 32 Wis. 104; Rahn v. Gunnison, 12

Wis. 528. The overruling of an objection made to the jurisdiction of a court; or the denial of a motion to set aside the service of a summons on jurisdictional grounds, is not a final order affecting a substantial right, and is not appealable under the provisions of our statute, nor reviewable in this court before the entry of final judgment. An order that involves the merits of an action is one that goes to its substance or subject matter, and affects the justice of the cause; and it cannot be said that the order from which this appeal is taken is of that character. The appeal is dismissed.