CASE 75.—ACTION BY R. T. CAPE AND OTHERS AGAINST CLAUDIUS C. CAPE AND OTHERS.—February 10, 1910.

## Cape, &c. v. Cape, &c.

Appeal from Russell Circuit Court.

J. C. CARTER, Circuit Judge.

From an order dismissing the action plaintiffs appeal.—Affirmed.

1.  Costs—Security for Payment—Nonresidents—Will Contests.— Civil Code Prac. sec. 616, requiring nonresident plaintiffs before commencing an action to file a bond for costs, applies to all actions to recover money or property, and hence extends to a suit to have a probated will declared void so as to permit testator's property to pass by descent to plaintiffs.

2.  Costs—Security—Nonresidents—"Action"—Action of Special Proceeding.—Plaintiff's proceeding was an "action" within the meaning of the statute; that term including all the formal proceedings in a court pertaining to the demand of a right made by one party of another.

STONE & AARON and J. H. STONE for appellants.

BERTRAM & PHELPS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE NUNN— Affirming.

vol. 136—40

In the year 1908 one Thomas Cape died in Russell county, Ky., and left a will by which he devised to his wife, Mary C. Cape, and his son, Claudius C. Cape, all his property, except some minor devises made to his other children and grandchildren, appellants. His executor had the will probated in the county court. Appellants filed this action in the circuit court and took the necessary steps to appeal from the order of the county court probating the will. They alleged in their petition that Thomas Cape was mentally incapacitated to execute a will, and that appellees used and exercised undue influence over him in the execution thereof. It was stated in the petition that all the appellants were nonresidents of the state; and appellees moved the court to require them to give bond for cost, which motion the court sustained and gave appellants until the next term of the circuit court to execute it, which they failed to do, and the court dismissed their action, from which order they have appealed.

They contend that the court erred in requiring them to give bond for cost, and cite the cases of Pryor v. Mizner, etc., 79 Ky. 232, and Garnett v. Foston, etc., 122 Ky. 197, 91 S. W. 668, 121 Am. St. Rep. 456, as authorities for their position. It was decided in these cases that the Code provisions regulating appeals in ordinary cases did not apply to appeals in will cases, and that no appeal bond was required in will cases. There is nothing in the statutes under the title of "Wills" with reference to the execution of bonds for cost on appeals. It is silent upon the subject. Under the title of "Miscellaneous Proceedings" in the Civil Code of Practice, the General Assembly incorporated section 616, which is as follows: "A plaintiff who is nonresident of this state, or a

corporation other than a bank created by the laws of this state, before commencing an action, shall file in the clerk's office a bond of a sufficient surety, 'to be approved by the clerk, for the payment of all costs which may accrue in the action in the court in which it is brought, or in any other to which it may be carried, either to the defendant or to the officers of the court.'' This section seems to apply to all non-residents who come into this state and attempt by an action or proceeding to recover money or property, and call upon the officers of this state to aid them. The bond is to be executed for the benefit of the defendant and the officers of the court. Appellants in this case seek to have the will of Thomas Cape declared void so that they may receive their portion of his property under the laws of descent. They have made his widow and one of his sons defendants, and have called upon the officers of the state to issue and execute summonses and subpoenas, and we see no reason why the above provision of the Code should not apply to them as well as any non-resident who sees proper to institute any kind of an action in this state. Appellants contend that they have not brought an ''action,'' but took only the necessary steps to appeal from the judgment of the county court, and, therefore, the provision of the Code does not apply to them. The word ''action'' is defined by Bouvier to be ''the formal demand of one's right from another person or party, made and insisted on in a court of justice. An action includes all the formal proceedings in a court of justice attendant upon the demand of a right made by one person or party of another in such court.'' And such is the nature of appellants' action or proceeding in this case. We are, therefore, of the opinion

that the lower court did not err in requiring appellants to execute the bond for cost.

For these reasons, the judgment of the lower court is affirmed.