## Chesapeake & Ohio Railway Company v. Osborn.

(Decided October 17, 1912.)

### Appeal from Floyd Circuit Court.

1. Railroads—Action Against For Personal Injury—Instructions—Recovery For Lost Time—Pleading—Evidence.—In an action against a railroad company for personal injuries, while there were no allegations in the petition authorizing the recovering of any special damages, the evidence without contradiction and without objection showed appellee had lost twenty-one days from labor on account of the injury and that he had expended $6.85 for a physician and for medicine. In view of the evidence an instruction authorizing a recovery for lost time and for physician's bills was not error.

2. Railroads—Action Against For Personal Injuries—Plea of Settlement.—The testimony in support of the plea of settlement is not sufficient to show a settlement or to constitute a bar to this proceeding.

HARKINS & HARKINS, WORTHINGTON, COCHRAN & BROWNING and F. T. D. WALLACE for appellant.

MAY & MAY for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This is an appeal from a judgment for $300 rendered in the Floyd Circuit Court, in favor of appellee for personal injuries received by him. Appellee was employed

as a cook on one of appellant's work trains which was, at the time of his injury, in Paintsville, setting on a spur track which left the main track at a point a short distance west of the depot, and, after making the curve necessary to connect with the main track, ran nearly at right angles thereto. Between eight and nine o'clock on the night of the injury, a freight train came into Paintsville from the west and was to remain there the rest of the night. This freight train had to clear the main track, so it placed a part of its cars on a siding north of the main track and undertook to place some of the remaining cars in the train on what is called "the new siding," which is south of the main track. This new siding is rather a long track and extends from the point where it connects with the main line to a point within eighteen or twenty feet of the spur at the place where the work cars were located for the night; and two cross ties were placed, but not fastened, on the end of each end rail of the siding to prevent cars from rolling off. The eighteen or twenty foot space between the end of the new siding and the work cars on the spur, was a level, marshy soil. It appears from the evidence that from about the center of this new siding to the end next to the spur, there was a pretty heavy down grade; that six or seven cars had been standing on this siding for some time for the purpose of being loaded, at a point several hundred yards from the end nearest the spur and the work cars; that when the freight train backed in to place some of its cars on the new siding, two of its cars in some way got loose from the train, rolled down this steep grade, struck the six or seven cars already on the siding, put them in motion and they had such momentum when they reached the end of the new siding that they pushed the cross ties off, passed over the eighteen or twenty feet of level, marshy soil, struck the work car on the siding in which appellee and his boss were sleeping, mashed its sides in, broke it in two and turned it over and injured appellee in his wrist, hand, side and one knee.

It was hardly possible, under these facts, for appellant to prevent a verdict from going against it. A reversal is asked on account of alleged errors in the instructions. The court permitted the jury to find for appellee the value of the time lost by reason of his injuries and to reimburse him in the amount of his doctor's bill

and the amount paid out for medicine, and appellant claims this was error because there were no allegations in the petition authorizing the recovery of any special damages. This is true; but the evidence, without contradiction and without objection or exception, showed that appellee actually lost twenty-one days from labor on account of the injuries and that he expended $6.85 for a doctor and for medicine. In addition to this, appellant pleaded in its answer that it had settled with appellee for these items. It seems to have been agreed in the answer and reply that appellee lost twenty-one days from labor and that he expended $6.85 in cash in the manner stated. It appears from the evidence that appellant endeavored to settle with appellee for the total of these two amounts, $27.85, and get appellee to sign a receipt acknowledging this amount as in full for all damages occasioned by his injury and sued for in this action. In the case of Main Jellico Mountain Coal Co. v. Parker, 124 S. W., 869, in which this court had a like question under consideration, it is said:

"It is said that the court erred in allowing the plaintiff to recover compensation for his loss of time, as no loss of time was alleged in the petition, but the evidence as to loss of time had been given without objection; and it is evident that the court wrote the instruction to conform to the evidence, his attention not being called by the defendant to the averments of the petition. In view of the fact that the defendant did not object to the evidence as to the loss of time, and size of the verdict, the ends of substantial justice will not allow a reversal here for this cause." The plea of settlement made by appellant needs but little consideration. The testimony of appellant's claim agent is to the effect that he agreed with appellee upon $21 for the time lost from labor and $6.85 for cash paid his physician and for medicine; that appellee agreed to take that amount in settlement; that within about two weeks after the agreement was made he sent appellee a check for these amounts and a receipt for him to sign, but the check was returned without being cashed and the receipt without being signed. Appellee says that the agent came to him and they agreed on the number of days lost from labor and the amount he should be paid on account thereof and also agreed with him as to the amount he had expended in affecting a cure, but further says that he told the claim agent at

the time that he would not accept that amount in full settlement of his claim for damages, and the agent answered that he was giving him this amount in settlement of the items named, but that when the check came in it was accompanied by a receipt for him to sign, which stated that the check was in full settlement for all injuries, pain, suffering, etc., sustained by him on the night of the collision and he refused to cash the check or sign the receipt, but returned them to appellant. This was in no sense a settlement of this case or a bar to this proceeding. Under the facts stated this court has no authority to reverse the judgment as the errors complained of are not material and do not affect the substantial rights of the complaining party. While the lower court did commit a technical error in the instruction against appellant, yet, as a whole, the instruction was very favorable to appellant, and if the case should be reversed to be tried upon a proper presentation of the law, we are satisfied the result would be more favorable to appellee.

For these reasons, the judgment of the lower court is affirmed.