## Lindsey v. A. B. Smith Lumber Company.

(Decided November 2, 1917.)

Appeal from McCracken Circuit Court.

Appeal and Error—Review.—A judgment will not be reversed on account of errors in the instructions to the jury when the interests of the complaining party have not·been prejudiced thereby.

MOCQUOT & CAMPBÉLL for appellant.

BRADSHAW & NICHOLS and McDONALD for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

Lindsey sued Smith, doing business as A. B. Smith Lumber Co., for $1,000.00, the alleged value of timber which Smith had cut and removed from land belonging to Lindsey, between November, 1915, and May, 1916. The

land belonged to Abram on November 17, 1914, and on that day he sold the standing timber in controversy to Smith, and gave him a writing evidencing the sale. By the terms of the contract Smith was to have one year from its date in which to cut and remove the timber.

Abram sold the land to Walters in the fall of 1915, and Walters extended Smith's time for removing the timber for another year. Later, and before the expiration of the second year, the date not being shown, Walters sold the land to Lindsey; and the timber having been removed after Lindsey bought the land, and within the second year after Smith had bought the timber, Lindsey claimed that Smith was a trespasser and had taken his timber without right or title. The contract between Smith and Abram was not mentioned, or the timber therein reserved, either in the deed from Abram to Walters or in the deed from Walters to Lindsey.

In his answer, however, Smith alleged that before Walters sold the land to Lindsey, he advised Lindsey and his agent that Walters was not the owner of the timber; that the timber had been sold to Smith and that Walters had extended the time in which Smith could remove it, as above indicated; that Lindsey and his agent knew those facts before and at the time he bought the land from Walters; that Lindsey bought the land with the express understanding and agreement that Walters did not pretend to sell him the timber in question and that a reservation of the timber had been omitted from the deed from Abram to Walters by mistake and oversight; that Walters had requested Lindsey, or his agent who wrote the deed from Walters to Lindsey, to insert therein a clause reserving and excepting the timber in order to protect Smith's contract, and that Lindsey or his agent stated that it was not necessary that anything to that effect should be written into the deed; and that Lindsey and his agent accepted the deed with the knowledge and understanding that the timber was not to pass thereunder.

The answer having been controverted by the reply, the parties went to trial and introduced evidence tending to show their respective claims, particularly that Lindsey knew of the existence of the sale of the timber to Smith at the time he bought the land from Walters, and made no objection thereto in taking his deed. The jury found for the defendant and Lindsey appeals, alleging as

his only ground for a reversal, that the court erred in instructing the jury.

The court gave a single instruction in which it directed the jury to find for Lindsey the reasonable market value of the trees not to exceed the amount claimed in the petition, unless they should believe from the evidence that the timber was reserved by Walters in his sale of the land to Lindsey, and that if said reservation was left out of the deed from Walters to Lindsey by mistake or oversight of the draftsman they should find for Smith.

It is contended that the instruction submitted an issue not made by the pleadings since the answer alleged that the exception had been omitted from the deed from Abram to Walters—not from the deed from Walters to Lindsey as predicated in the instruction—and that this was error. Technically this is true. But this more important question arises: was Lindsey prejudiced thereby? If not, the judgment should stand.

The evidence clearly shows that Abram sold the timber to Smith and granted him the extension claimed, provided it would not interfere with Abram selling the land to Walters; that Smith thereupon made an arrangement with Walters for a further extension until the fall of 1916, in which to remove the timber; and, according to the weight of the evidence, it appears that when Walters was negotiating with Lindsey he informed him that the timber on the land belonged to Smith and that he had extended Smith's time for the removal of the timber as above indicated. It is true Lindsey denied that he knew, at the time of his purchase, that the timber belonged to Smith. But that was a question for the jury.

It further appears that Whittemore, the agent who made the sale to Lindsey for Walters, accompanied both Lindsey and Walters over the land at the time the timber was being cut, and that he heard Walters tell Lindsey that the timber belonged to Smith; and, that he and Walters talked about inserting in the deed to Lindsey a clause excepting the timber that Smith had bought, but that he decided not to do so, because it was a temporary matter since Smith would soon have the timber removed. Of course, Whittemore being Walters' agent, his testimony as to his conversation with Walters was not competent as against Lindsey; but his other testimony as to the visit of Lindsey and Walters to the land, was competent.

Strictly speaking, the instruction should have predicated a finding for Smith upon the fact that the excepting clause had been omitted from the deed from Abram to Walters; but it is clear that if the parties had intended to include it in either deed and it had been accidentally omitted from either the practical result, so far as Lindsey is concerned, would have been precisely the same since he was required to take notice of the contents of every deed in his direct chain of title. And, the issue as to Lindsey's actual knowledge of the sale to Smith was squarely made. It results therefore that Lindsey has really had a trial upon the merits of his case and that the instruction was not prejudicial to him. Really, the instruction was more likely to have prejudiced Smith.

It is well settled that this court will not reverse a judgment on account of errors in the instructions when the interests of the complaining party have not been prejudiced thereby. Swan-Day Lumber Co. v. Thomas, 129 Ky. 799; Smith's Admr. v. L. & N. R. R. Co., 28 Ky. L. R. 439, 89 S. W. 694; C. & O. Ry. Co. v. Osborn, 150 Ky. 57

A reading of the proof impresses the court with the justness of the verdict, and the fact that appellant has had a fair trial upon the merits

Finding no prejudicial error in the record the judgment is affirmed.