JULIUS J. OSTLUND, Petitioner and Respondent, v. CHRISTINE ECKLUND, Respondent and Appellant.

(171 N. W. 857.)

**Appeal and error — order refusing to require costs not appealable.**
   An order refusing to require a party to give security for costs is not appealable.

Opinion filed April 1, 1919.

Appeal from the District Court of Cass County, *Cole*, J.

Christine Ecklund appeals from an order denying her motion that the petitioner, Julius J. Ostlund, be required to give security for costs.

Appeal dismissed.

*Augustus Roberts,* for appellant.

*Pfeffer & Pfeffer,* for respondent.

CHRISTIANSON, Ch. J. The last will and testament of one Westlund was duly admitted to probate in and by the county court of Cass county on April 7, 1917. Thereafter, on November 23, 1917, the above-named petitioner, Julius J. Ostlund, filed his petition in said court contesting said will. Such proceedings were thereafter had that on or about March 23, 1918, a decree was rendered by said county court revoking and annulling the probate of said will and the letters testamentary which had been issued to the executor named in such will. The respondent, Christine Ecklund, appealed from the last-mentioned decree, and that appeal is now pending in the district court of Cass county. The respondent, Christine Ecklund, thereafter moved in said district court that the petitioner be required to furnish security for costs on the ground that he was a nonresident. In support of the motion an affidavit was submitted setting forth the above-stated facts. The affidavit further stated that upon the hearing of the contest in the county court said Julius J. Ostlund testified under oath that he was a resident of the city of Minneapolis, Minnesota; that said Christine Ecklund did thereupon in said county court, by her attorney, demand and move that said petitioner be required to give security for costs;

that such motion was denied by the county court, and that no security for costs was furnished by the petitioner in said county court. The district court entered an order denying the motion, and Christine Ecklund has appealed therefrom. In this court the petitioner moves to dismiss the appeal on the.ground that the order is nonappealable.

It is well settled that interlocutory orders are not appealable unless made so by statute. Stimson v. Stimson, 30 N. D. 78–80, 152 N. W. 132; Ryan v. Davenport, 5 S. D. 203, 58 N. W. 568. The appealable orders are enumerated in § 7841, Compiled Laws 1913. If the order involved in this case is appealable, it must be classified with those orders covered by subdivision 4 of this section, which grants an appeal from an order "when it involves the merits of an action or some part thereof." In fact it is not contended that the order falls within any of the other provisions of § 7841, supra. Does the order in question involve the merits of an action or some part thereof? We think not. The meaning of the phrase, "involves the merits of an action or some part thereof," has frequently been considered by the courts and legal writers of this country. The question was before this court in Bolton v. Donavan, 9 N. D. 575, 84 N. W. 357. The court said: "The term 'merits' as used by the profession, when applied to actions, usually denotes the subject.or ground of an action as stated in the complaint, or the grounds of defense as stated in the answer; and a trial of the merits of an action generally means the elicitation of evidence in support of the averments of fact set out in the pleadings. But the courts, in construing statutes governing appeals from interlocutory orders, have frequently enlarged this meaning, and have held that the phrase, 'involves the merits,' must be so interpreted as to embrace orders which pass upon the *substantial* legal rights of the suitor, whether such rights do or do not relate directly to the cause of action, or subject-matter in controversy." 9 N. D. 577.

The Encyclopedia of Pleading and Practice says: "Where statutes allow an appeal from interlocutory orders 'affecting a substantial right' or 'involving the merits,' *an order in the nature of a final judgment decisive of some question or point in the case is meant, as distinguished from mere rulings on matters of practice arising during the progress of the cause.*" 2 Enc. Pl. & Pr. 75.

And Corpus Juris says: "An order 'involving the merits,' within

the meaning of the statute, must be decisive of the question involved in the cause or of some strictly legal right of the party appealing as distinguished from mere questions of practice. The phrase, 'involves the merits,' has been construed by the courts to embrace orders which pass upon the *substantial* legal rights of the party complaining, whether such rights do or do not relate directly to the cause of action or subject-matter in controversy." 3 C. J. 452.

This court has held that the following orders are not appealable under subdivision 4, § 7841, supra: (1) An order refusing an application for judgment upon the findings of a jury (Persons v. Simons, 1 N. D. 243, 46 N. W. 969); (2) an order denying defendant's motion to dismiss the action, and granting plaintiff's countermotion for leave to amend the complaint (Strecker v. Railson, 19 N. D. 677, 125 N. W. 560); (3) an order in an action for damages on appeal from a judgment for plaintiff in a justice court, denying a motion by the defendant to reverse and set aside the judgment of the justice court upon the ground that the damages involved were for injury to real property, and that the justice court had no jurisdiction because the pleadings were not in writing and verified as required by law (Whitney v. Ritz, 24 N. D. 576, 140 N. W. 676); (4) an order allowing an amended complaint to be filed (Holobuck v. Schaffner, 30 N. D. 344, 152 N. W. 660); (5) an order denying a motion to dismiss an action for non-prosecution (John Miller Co. v. Minckler, 30 N. D. 360, 152 N. W. 664).

The supreme court of our sister state South Dakota, in Ryan v. Davenport, supra, held that an order denying a motion to set aside the service of a summons was nonappealable. The court said: "An order setting aside the service of the summons would have affected a substantial right, as such order would, in effect, determine the action, and prevent a judgment from which an appeal might be taken. The effect of this order is not to determine the action and prevent a judgment; nor is it in a special proceeding, nor upon a summary application in an action after judgment; neither does it involve the merits of the action, or any part thereof. Orton v. Noonan, 32 Wis. 104; Rahn v. Gunnison, 12 Wis. 529. The overruling of an objection made to the jurisdiction of a court, or the denial of a motion to set aside the service of a summons on jurisdictional grounds, is not a final order affecting

a substantial right, and is not appealable under the provisions of our statute, nor reviewable in this court before the entry of final judgment. An order that involves the merits of an action is one that goes to its substance or subject-matter, and affects the justice of the cause; and it cannot be said that the order from which this appeal is taken is of that character." 5 S. D. 204, 205.

While the precise question presented in this case was not determined in any of the cases cited, the questions involved in Strecker v. Railson, and Whitney v. Ritz, and Ryan v. Davenport, supra, were somewhat analogous, and the reasoning adopted in those cases seems quite applicable to the instant case. Other courts, however, have determined the precise question involved in this case. And the authorities upon the proposition are thus summarized in Corpus Juris: "Although there are decisions to the contrary in some jurisdictions, the general rule is that no appeal will lie from orders requiring a party to give a bond or other security for costs . . . , or from orders refusing to require the giving of such security." 3 C. J. § 376, p. 540.

We are of the opinion that the order sought to be reviewed on this appeal does not involve the merits of an action, or any part thereof. It was merely an interlocutory order. It left the rights of the parties upon the merits of the matter entirely unadjudicated. It did not in any manner interfere with or impede appellant's right or means of presenting her side of the controversy. So far as the merits of the controversy are concerned, it is not before us, but still remains pending in the court below. In fact it is possible that the matter has been tried on its merits while this appeal has been pending. As was aptly remarked by the territorial supreme court (Harris Mfg. Co. v. Walsh, 2 Dak. 41–44, 3 N. W. 307): "Why should this court be burthened with this appeal at this time? For aught that can be made to appear legally and regularly to this court, while this appeal is pending, and under consideration and advisement, the defendant may have judgment upon the other issues in the case in the district court, and this court has been pursuing but a myth, a delusion, a mere nothing."

It follows from what has been said that the appeal must be dismissed. We express no opinion as to whether the contest of a will can be deemed an action within the purview of the provisions of our laws requiring a nonresident, before commencing an action, to furnish security for costs.

The court of appeals of Kentucky, in deciding a somewhat analogous question, has held to the affirmative. Cape v. Cape, 136 Ky. 625, 124 S. W. 869. The supreme court of California in deciding the identical question has held to the negative. Re Joseph, 118 Cal. 660, 50 Pac. 768.

Appeal dismissed.

GRACE, J. I concur in the result.