NOTMAN et al. v. J. M. GUFFEY PETROLEUM CO.

(Supreme Court, Appellate Term. March 13, 1911.)

1. DISMISSAL AND NONSUIT (§ 73*)—FAILURE TO PROSECUTE.

Where issue was originally joined six years ago, and issues made five years later were tried in the same court, plaintiff was prima facie guilty of laches, so as to place the burden upon him of showing that his neglect to prosecute was not unreasonable, upon defendant's motion to dismiss for failure to prosecute.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Dec. Dig. § 73.*]

2. STIPULATIONS (§ 6*)—ORAL STIPULATIONS.

Under General Rules of Practice, rule 11, oral stipulations made out of court by the attorneys are not binding upon either party, and should not be considered.

[Ed. Note.—For other cases, see Stipulations, Dec. Dig. § 6.*]

3. DISMISSAL AND NONSUIT (§ 60*)—FAILURE TO PROSECUTE.

There was an abuse of discretion in overruling a motion to dismiss for failure to prosecute, where defendant made out a prima facie case of neglect in not prosecuting, for which plaintiff showed no legal excuse.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 140–152; Dec. Dig. § 60.*]

Appeal from City Court of New York, Special Term.

Action by Charles P. Notman and another, composing the firm of James Elwell & Co., against the J. M. Guffey Petroleum Company. From an order denying a motion to dismiss for want of prosecution, defendant appeals. Reversed, and complaint dismissed.

Argued before SEABURY, PAGE, and BIJUR, JJ.

John Nicolson, for appellant.
Van Schaick & Norton and Eliot Norton, for respondents.

SEABURY, J. The defendant made a motion in the lower court to dismiss the complaint on account of the plaintiffs' neglect to prosecute the action. That motion was denied, and from the order entered thereon the defendant appeals to this court.

Issue was joined six years ago, and issues five years younger have been tried in the same court. These facts presented a prima facie case of laches, and the plaintiffs were under the burden of making it appear to the court that the neglect to bring the action to trial has not been unreasonable. This they did not do.

The opinion of the lower court indicates that its decision was based upon certain alleged oral stipulations made out of court between the attorneys for the respective parties. Under well-settled rules of prac-

tice, no private agreement or consent between the parties or their attorneys in respect to the proceedings in a cause shall be binding, unless the same shall have been reduced to the form of an order by consent, and entered, or unless the evidence thereof shall be in writing, subscribed by the party against whom the same shall be alleged, or by his attorney or counsel. Rule 11, General Rules of Practice.

Assuming the stipulations to have been made, which, however, is denied by the attorney for the defendant, they were not binding upon the party sought to be charged, and the court should have disregarded them. A review of the record fails to disclose any reasonable excuse for the laches of the plaintiffs. While it is true that the motion was addressed to the sound discretion of the court, such discretion is a legal discretion, and is reviewable by this court.

As the defendant presented a prima facie case of neglect under rule 36 of the General Rules of Practice, and as the plaintiffs failed to disclose a legal excuse for their failure to prosecute the action, the lower court should have granted the motion made.

The order is reversed, with $10 costs and disbursements, and the complaint is dismissed, with costs. All concur.