POCIUNAS v. AMERICAN SUGAR REFINING CO. OF NEW YORK
(two cases).

(Supreme Court, Appellate Term. June 12, 1911.)

DISMISSAL AND NONSUIT (§ 70*)—GROUNDS—FAILURE TO PROSECUTE—AFFIDA-
VITS—FAILURE TO FILE.

   Where a motion to dismiss for failure to prosecute was made under rule 37, requiring 10 days' notice of motion and service by plaintiff of his opposing papers, if any, 5 days before the hearing of the motion, and plaintiff filed, but did not serve, his opposing papers, an order denying the motion was erroneous, as in effect legalizing plaintiff's violation of the rule.

   [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 164; Dec. Dig. § 70.*]

Appeal from City Court of New York, Special Term.

Actions by Simon Pociunas against the American Sugar Refining Company of New York. From a City Court order vacating an order denying defendant's motion to dismiss for want of prosecution, and requiring defendant to accept a later order denying the motion, which recited plaintiff's opposing affidavits as read in opposition to the motion, defendant appeals. Reversed on both appeals.

Argued before SEABURY, GUY, and BIJUR, JJ.

Bertrand L. Pettigrew (James F. Barber, of counsel), for appellant.
Cass & Apfel, for respondent.

Appeal No. 1.

GUY, J. Appeal by defendant from an order of the City Court of the city of New York, entered on April 28, 1911, vacating an order entered April 5, 1911, denying defendant's motion to dismiss the action for want of prosecution, and requiring defendant to accept a later order, entered April 6, 1911, denying the motion to dismiss, which later order recited plaintiff's opposing affidavits as read in opposition to motion.

─────────────────────────────────────────
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendant's motion to dismiss was a 10-day motion under rule 37, calling for the service of the plaintiff's opposing papers, if any, 5 days before the hearing of the motion. The plaintiff did not serve his opposing papers, although he apparently did file them, and the motion to dismiss was denied on the hearing. The order denying it, entered on April 5th, referred to no opposing papers.

The next day the presiding judge, without vacating his order of April 5th, entered a new order of like effect which incorporated therein a recital of the filed, but not served, opposing papers. On April 28th he granted plaintiff's motion to vacate the order of April 5th, and requiring the defendant to accept service of the second order of April 6th.

The effect of this ruling was to ratify and legalize plaintiff's evasion of the wholesome provisions of rule 37 in filing, but not serving, his opposing papers 5 days before the hearing. Whether the action should or should not have been dismissed is a debatable question, which can only be determined on a rehearing on the merits, after rule 37 has been complied with by the plaintiff.

Order reversed, with $10 costs and disbursements.

## Appeal No. 2.

Appeal from the order of April 6th hereinbefore described.

On the moving papers the defendant made out a prima facie case for dismissal of the action for want of prosecution. The opposing affidavits were not served five days in advance of the hearing, as required by rule 37, or at any other time, although they appear to have been filed without the knowledge of defendant's attorney, who made the motion.

We cannot consider the merits of the motion, without making a precedent which would justify the nullification and evasion of rule 37. The persistence with which the respondent has evaded this rule indicates that he considers the merits of this motion an open question.

Order reversed, with $10 costs and disbursements. All concur.