### WILLIAMS v. JENKINS et al.

(Supreme Court, Appellate Term. April 13, 1912.)

1. DISMISSAL AND NONSUIT (§ 60*)—LACHES IN PROSECUTING—BURDEN OF PROOF.

    That plaintiff did nothing to bring the case to trial for nearly four years after joinder of issue made a prima facie case of laches, placing the burden on her to show that the failure to prosecute was not unreasonable, on motion to dismiss the complaint for failure to prosecute.

    [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 140–152; Dec. Dig. § 60.*]

2. DISMISSAL AND NONSUIT (§ 71*)—FAILURE TO PROSECUTE—SUFFICIENCY OF EXCUSE.

    Plaintiff's failure to prosecute for nearly four years after joinder of issue was not excused by an affidavit showing that for more than a year she had resided in a distant state, where no sufficient reason was given for failing to prosecute during the preceding three years, or for failure to take her testimony, if it would be material.

    [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 165, 166; Dec. Dig. § 71.*]

Appeal from City Court of New York, Special Term.

Action by Alice N. Williams against Helen H. Jenkins and another. From an order refusing to dismiss the complaint, defendants appeal. Reversed, and motion granted.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

Coney & Townsend, of New York City (Myron T. Townsend, of counsel), for appellants.

Friend & Friend, of New York City, for respondent.

GUY, J. Defendants appeal from an order denying defendants' motion for a dismissal of the complaint for failure to prosecute. The action was brought for the purpose of obtaining a judgment adjudging that the plaintiff acquired a valid mechanic's lien on the premises described in the complaint, and a lien on the sum of $1,253.46 de-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

posited by the defendant Edward Corning Company with the clerk of the county of New York on February 4, 1908, to secure the discharge of the mechanic's lien.

[1] The summons and complaint were served on March 17, 1908, and issue was finally joined on April 11, 1908. On February 3, 1910, defendants served a notice of trial and filed a note of issue for March 7, 1910, Trial Term, and the case was placed on the calendar and given a calendar number. In September, 1910, the clerk, under the direction of the court, made up a new calendar. No new note of issue was filed by either party, and the action was not placed on the new calendar for September, 1910. The plaintiff has not served any notice of trial of this action, and issues of much younger date than April, 1908, have been tried in their regular order. The motion to dismiss for want of prosecution was made February 9, 1912, more than 3 years and 9 months since issue was joined, during which time plaintiff has done nothing to bring the case to trial. The defendants having made out a prima facie case of laches, the burden was upon the plaintiff to show that the failure to prosecute was not unreasonable. Notman v. J. M. Guffey Petroleum Co., 128 N. Y. Supp. 20.

[2] In opposition to the motion, the plaintiff's counsel presented an affidavit setting forth that the plaintiff for more than a year last past has resided in the state of California; but no sufficient reason is given for her failure to prosecute the case during the preceding three years, or for the failure to take her testimony, if it would be material. The plaintiff having failed to show any reasonable excuse for the delay, it was the duty of the court to grant the motion. Mannion v. Steffens, 115 N. Y. Supp. 1087, affirmed 135 App. Div. 921, 120 N. Y. Supp. 1134.

The order must therefore be reversed, with $10 costs and disbursements, and the motion to dismiss the complaint granted, with $10 costs. All concur.