## E. I. DONOVAN v. CORNELIUS JORDAN.

### (142 N. W. 42.)

Opinions deciding three cases on appeal, as numbers 2387–88 and 89. Plaintiff began these three actions, all of same title, on September 21, 1901, October 9, 1901, and October 4, 1902, respectively, and they were placed upon the trial calendar in 1901 and 1902, respectively. In November, 1902, plaintiff filed affidavits of prejudice against the judge of that district. No further action was taken until December 16, 1907, when defendant filed motions to dismiss, based upon § 6999, Rev. Codes 1905, for failure to prosecute to trial for over five years, which motions were heard by another judge there presiding, and denied, after which trial was had over defendant's exception, and judgments were awarded in plaintiff's favor. On defendant's appeal it is *held*:

**Affidavit of prejudice — failure to bring action to trial — judge — presumption — delay.**

(1) That the affidavit of prejudice was insufficient to exonerate plaintiff from the neglect presumed under the statute from his failure to cause the cases to be brought on for trial during the period of more than five years after the filing of such affidavits; and that the presumption that the resident judge did his duty and called in another judge to hear the cases, or attempted to do so, will not operate to excuse such long-continued delay. And such delay is chargeable to plaintiff, in the absence of any showing of excuse on his part.

**Action — failure to prosecute — motion to dismiss — affidavits — sufficiency — uncontroverted.**

(2) That the facts disclosed by the record and the affidavits supporting defendant's motions to dismiss, being wholly uncontroverted, were sufficient to entitle defendant to dismissals as of right under said statute.

**District court — discretion — abuse of — reversible — orders.**

(3) That § 6999 applies, there being no facts upon which discretion to deny defendant's motion can be based. Such denials were, therefore, an abuse of discretion reviewable on this appeal.

Opinion filed May 24, 1913. Rehearing denied June 19, 1913.

From orders denying dismissal, defendant appeals. Reversed, and the judgments subsequently entered, directed to be vacated and the three actions ordered dismissed.

An appeal from District Court for Cavalier County, *Allen,* Special J. *Joseph Cleary,* for appellant.

The defendant's motion to dismiss the action should have been granted, as a matter of right. The statute is mandatory. Rev. Codes 1905, § 6999; Lambert v. Brown, 22 N. D. 107, 132 N. W. 781.

The court erred in allowing plaintiff's motion to amend his complaint. The mere order allowing an amendment is of no effect until it is complied with. Satterlund v. Beal, 12 N. D. 122, 95 N. W. 519.

*W. A. McIntyre* and *Geo. M. Price,* for respondent.

In cases involving the judicial discretion vested in trial courts, their action will not be disturbed, unless it clearly appears that there is an abuse of such discretion. Minnesota Thresher Mfg. Co. v. Holz, 10 N. D. 16, 84 N. W. 581; Keeney v. Fargo, 14 N. D. 419, 105 N. W. 92; Cline v. Duffy, 20 N. D. 525, 129 N. W. 75; Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228.

The presumption is that public officers do as the law and their duty require them. Pine Tree Lumber Co. v. Fargo, 12 N. D. 360, 96 N. W. 357.

Courts favor the trial of actions upon their merits. Citizens' Nat. Bank v. Branden, 19 N. D. 489, 27 L.R.A.(N.S.) 858, 126 N. W. 102; Grady v. Donahoo, 108 Cal. 211, 41 Pac. 41.

Omission due to an act of an official without participation of plaintiff does not work a discontinuance. 6 Enc. Pl. & Pr. 926.

Or failure to hold a term of court. Carlisle v. Gaar, 18 Ind. 177.

Defendant, by appearing and taking part in the trial, waived any error in former proceedings of the trial court, in not dismissing the actions. Grand Pacific Hotel Co. v. Pinkerton, 217 Ill. 61, 75 N. E. 435; Prall v. Hunt, 41 Ill. App. 140; Herrington v. McCollum, 73 Ill. 476.

Right of dismissal is waived by acts of defendant recognizing the action still in court. 6 Enc. Pl. & Pr. 962.

The allowance of amendments to pleadings is discretionary, and will not be disturbed except in cases of clear abuse. Paulsen v. Modern Woodmen, 21 N. D. 242, 130 N. W. 231.

Amendments to correct mere clerical errors are allowed almost as of course. It is reversible error to refuse them. 1 Enc. Pl. & Pr. 557, 558–598; Chandos v. Edwards, 86 Wis. 493, 56 N. W. 1098; Bank of Havana v. Magee, 20 N. Y. 355; Rev. Codes 1905, § 6883.

The amendment did not mislead the defendant, nor did it change the cause of action. The variance in pleading and proof, if any, was immaterial. Rev. Codes 1905, §§ 6879–6886; Ashe v. Beasley, 6 N. D. 191, 69 N. W. 188; Iverson v. McDonnell, 36 Wash. 73, 78 Pac. 202; Wilcox & W. Organ Co. v. Lasley, 40 Kan. 521, 20 Pac. 228.

Where amendment is allowed, and the case proceeds as though it had been made, the necessity for making it is obviated. Brantz v. Marcus, 73 Iowa, 64, 35 N. W. 115; Kuhn v. Gustafson, 73 Iowa, 633, 35 N. W. 660; Johnston v. Farmers' F. Ins. Co. 106 Mich. 96, 64 N. W. 5; Crester v. Cary, 52 Wis. 374, 9 N. W. 161; Lyon v. Brown, 6 Baxt. 64; Hoffman v. Keeton, 132 Cal. 195, 64 Pac. 264; Hawkes v. Davenport, 5 Allen, 390; Excelsior Mfg. Co. v. Boyle, 46 Kan. 202, 26 Pac. 408; Ashe v. Beasley, 6 N. D. 191, 69 N. W. 188; Rev. Codes, 1905, §§ 6879, 6886.

A legal presumption, or the legal effect of a written contract, cannot be changed or contradicted by parol evidence. Rev. Codes 1905, § 5333; Reeves & Co. v. Bruening, 13 N. D. 157, 100 N. W. 241; Merchants' State Bank v. Ruettell, 12 N. D. 519, 97 N. W. 853; Sargent v. Cooley, 12 N. D. 1, 94 N. W. 576; First Nat. Bank v. Prior, 10 N. D. 146, 86 N. W. 362.

A party to a written contract is ordinarily estopped to deny its recitals. 16 Cyc. 686–721; 11 Am. & Eng. Enc. Law, 392.

An extension of time of payments is a sufficient consideration to support a chattel mortgage. 6 Cyc. 1012; Fuller v. Brownell, 48 Neb. 145, 67 N. W. 6; Sinker v. Green, 113 Ind. 264, 15 N. E. 266.

A contract should be construed so as to make it a legal document, rather than one contrary to law and public policy, if reasonable. United States v. Central P. R. Co. 118 U. S. 235, 30 L. ed. 173, 6 Sup. Ct. Rep. 1038; Hobbs v. McLean, 117 U. S. 567, 29 L. ed. 940, 6 Sup. Ct. Rep. 870; Lorillard v. Clyde, 86 N. Y. 384; Ormes v. Dauchy, 82 N. Y. 443, 37 Am. Rep. 583; 9 Cyc. 586; Rev. Codes 1905, § 5347; Young v. Metcalf Land Co. 18 N. D. 441, 122 N. W.

1101; Braithwaite v. Jordan, 5 N. D. 243, 31 L.R.A. 238, 65 N. W. 701; Bache v. Coppes, C. & M. Co. 35 Ind. App. 351, 111 Am. St. Rep. 171, 74 N. E. 41; New Memphis Gaslight Co. Cases, 105 Tenn. 268, 80 Am. St. Rep. 880, 60 S. W. 206.

Chattel mortgage covering partly present and partly future property, though void as to the latter, is good as to the former. 6 Cyc. 1052; Gardner v. McEwen, 19 N. Y. 123; Van Heusen v. Radcliffe, 17 N. Y. 580, 72 Am. Dec. 480; Wadsworth v. Owens, 17 N. D. 173, 115 N. W. 667; Angell v. Egger, 6 N. D. 391, 71 N. W. 547; Grand Forks Nat. Bank v. Minneapolis & N. Elevator Co. 6 Dak. 357, 43 N. W. 806; Rule XIV, Supreme Court, 10 N. D. xlvi, 128 N. W. xiii; Pendroy v. Great Northern R. Co. 17 N. D. 433, 117 N. W. 531.

Goss, J. The record facts decisive of all three of the above-entitled actions are practically identical. Judgment in each has been awarded against defendant after denial of a motion to dismiss made and based upon the provisions of § 6999, Rev. Codes 1905, providing for the dismissal where the action is not brought to trial or to final determination within five years from its commencement. Plaintiff has brought three actions against defendant upon three different causes of action, with complaints verified respectively September 21, 1901, October 9, 1901, and October 4, 1902, all of which were instituted by attorneys Gordon & Lamb, formerly of Langdon, North Dakota, both of whom are since deceased. Within the thirty-day period answer was served; and note of issue was filed in the first two cases in October, 1901, and in the last in November, 1902. Affidavits of prejudice against the trial judge, and bonds for expenses, were filed in all three actions by the plaintiff on November 11, 1902. The causes remained untried, with no action taken by either party, plaintiff or defendant, and no steps taken whatever, except that other attorneys for plaintiff were substituted during the interim, until December 16, 1907, more than five years after said actions had been placed upon the calendar, and more than that period after the filing of the affidavits of prejudice against the trial judge of that district. On December 16, 1907, defendant filed motions to dismiss, which were heard by the judge of another district there presiding. The motions were based upon the record and supporting affidavits of defendant and his attorney, to the effect that "the

plaintiff has neglected and did neglect for a period of five years after the commencement of said action to bring the same to trial and to take proceedings for the final determination thereof;" and that the delay has not been occasioned by or because of the defendant. No affidavits in rebuttal appear to have been served or filed. The presiding judge denied the motion for dismissal, "for the reason that affidavits of prejudice were filed in each of said actions, and the court will presume that the judge of the seventh judicial district did his duty or honestly attempted to do so, procuring or attempting to procure another judge to try said actions." To this order the defendant excepted, and on this appeal has assigned the same as error, contending that from the record, with the long delay unexcused and unexplained, under the statute, § 6999, Rev. Codes 1905, the action was deemed dismissed, and the court should have so ordered, instead of denying his motion and proceeding to trial. Plaintiff, in reply, urges that the affidavit of prejudice on file was a sufficient explanation of the delay if an excuse was necessary, and that the dismissal was discretionary with the court, and the court having exercised its discretion favorably to plaintiff by its denial of defendant's motion, its action should not be reversed on appeal except for clearly an abuse of discretion not here shown. Such are the arguments of counsel upon this question.

Since the trial court made the order in these cases on December 16, 1907, this court, in Lambert v. Brown, 22 N. D. 107, 132 N. W. 781, has had occasion to construe and apply § 6999, Rev. Codes 1905. It was there said that by operation of this statute "failure for five years after the commencement of an action to bring the same to trial creates a presumption of unreasonable negligence on the part of the plaintiff, entitling defendants to a dismissal of the action unless good cause for the delay be shown." And we there held that an order dismissing an action six years old was properly entered. The trial court, as is apparent from a portion of the order of dismissal above quoted, considered that the fact that an affidavit of prejudice against the presiding judge had been on file for more than five years was sufficient to exonerate plaintiff from neglect, under a presumption indulged that the regular presiding judge had been unable to procure an outside judge to try the causes. It may be that it will be presumed that said judge, upon the filing of the affidavits of prejudice, complied with the statute,

and procured or attempted to procure another judge to hear the cases, but we will not presume that for a period of five years it was impossible to obtain an outside trial judge to attend for such purposes. Rather would we presume that an outside judge was obtained, but that other reasons existed for the long delay. The records of this court, of which we are asked by counsel for appellant to take judicial notice, disclose that at different times in 1903 and 1904 judges of other districts were at various time at Langdon, presiding in said court. This is disclosed from the record before us in Barry v. Traux, the opinion in which case is reported in 13 N. D. 131, 65 L.R.A. 762, 112 Am. St. Rep. 662, 99 N. W. 769, 3 Ann. Cas. 191. Under the record in this case, and under such facts, we will not indulge in the presumption that the delay was occasioned by the judge of that district, in the absence of any showing that plaintiff was ever, during said period, ready for trial, and endeavoring in good faith to obtain a final determination of these causes. Nor do we determine that sufficient excuse would have been shown for apparent neglect in prosecution had plaintiff brought upon the record the fact of an endeavor on his part to thus procure a trial of these causes. Notwithstanding the affidavit of prejudice, any unreasonable delay is chargeable directly to plaintiff, as it has already been adjudicated in this state that litigants have a remedy by mandamus to enforce the procuring of an outside trial judge in case the disqualified resident judge, for any cause, neglects to procure one. See Gunn v. Lauder, 10 N. D. 389, 87 N. W. 999, wherein an original writ of mandamus from the supreme court was issued upon a showing of less than a year's delay in the procuring of another judge to act, after disqualification, by filing of an affidavit of prejudice against the resident judge.

Under these facts, then, no excuse appears why the failure to bring this case on for trial, within the period since its commencement exceeding five years, is not neglect within the terms of the statute. There was, then, no ground for the denial of the motion made.

But plaintiff avers that the denial was discretionary and should not be reversed except for an abuse of discretion. Under the facts shown there was no discretion vested in the trial court, as there were no facts brought before it upon which it could use discretion. The only determination to be made was whether a case coming within the explic-

it terms of § 6999, and for which the statute was passed, should be governed by the statute. We know courts are loath to dismiss on motion without trial on the merits, but the statute has said that it shall be done when the case falls within its terms, and this is such a case. And no discretion is therefore left, the duty of the court being only to dismiss. To hold otherwise is to nullify, disregard, and set at naught the expressed will of the legislature. If the statute does not here apply, it never applies, inasmuch as the facts are uncontroverted and no excuse is made for the delay; and the case stands fairly within our holding in Lambert v. Brown, supra, to be decided under a presumption that there was unreasonable neglect on the part of the plaintiff to bring this case on for final disposition. Lambert v. Brown was a stronger case in the plaintiff's behalf than this, inasmuch as there considerable effort was shown to at least keep the case alive, as a dismissal was, on plaintiff's motion, there once set aside during the five-year period. But here nothing appears to have been done for more than five and six years, respectively, in these actions. For similar holdings, see Notman v. Guffey Petroleum Co. 128 N. Y. Supp. 20; Mannion v. Steffens, 115 N. Y. Supp. 1087, affirmed on appeal in 135 App. Div. 921, 120 N. Y. Supp. 1134; Williams v. Jenkins, 76 Misc. 256, 134 N. Y. Supp. 890; Wilenski v. Philadelphia Casualty Co. 131 N. Y. Supp. 549; and Pociunas v. American Sugar Ref. Co. 74 Misc. 407, 132 N. Y. Supp. 395, reversing the same case in 130 N. Y. Supp. 162, and dismissing the action; Silverman v. Baruth, 42 App. Div. 21, 58 N. Y. Supp. 663. All of these cases are parallel to this in that they are reversals of orders denying motions to dismiss on identical grounds.

Neither the trial court, nor this court, has any alternative other than to apply the statute to this case, so plainly within its terms. As the motion should have been granted and the order of dismissal entered, plaintiff having been entitled thereto by right, it follows that the judgment thereafter entered should be set aside and vacated, and the action dismissed, and it is so ordered. The same order will be entered in each of these three entitled actions.