## JOHN MILLER COMPANY, a Corporation, v. JOHN A. MINCKLER et al.

### (152 N. W. 664.)

This action was pending undetermined for six years, and was subject to dismissal under the statute providing that causes so pending for five years

---

Note.—As to what judgments and orders may be appealed from, see note in 20 Am. St. Rep. 173.

may be dismissed, when plaintiff's attorney procured an order of reference. The defendant defaulted in appearance before the referee who heard the cause, and who returned findings and conclusions, upon which a default judgment erroneously was entered without an order therefor or confirmation of the findings. All this was irregular, and in the absence of the defendant and without his knowledge. Soon afterwards plaintiff moved to vacate the judgment and to confirm the findings, and for an order directing re-entry of the judgment. While this motion, duly served, was pending, defendant by a countermotion moved to dismiss for nonprosecution under § 7598, Comp. Laws, 1913. Both motions were heard simultaneously. The court vacated the erroneous judgment, but conditionally confirmed the findings, and directed re-entry of the judgment, and denied defendant's motion to dismiss for nonprosecution. Defendant perfected two appeals,—one from the order denying his motion to dismiss, and one from the judgment entered upon confirmance of the referee's findings. *Held:*—

**Actions — pending six years — default judgment — referee — findings — order confirming — order for judgment — motion to re-open and for re-entry of judgment — motion to dismiss — order denying motion to dismiss — nonappealable.**

1. The order denying the motion to dismiss is a nonappealable order.

**Judgment — appeal from — order denying motion to dismiss — review of.**

2. The appeal from the judgment wil permit review of the propriety of the order denying motion to dismiss for nonprosecution.

**Statute of limitations — repose — must be invoked — to avail.**

3. Section 7598 is analogous to the ordinary statute of limitations, and is a statute in repose, which to avail must be invoked.

**Cause — conditionally in final judgment — motion to dismiss — not timely made — meaning of and reason for statute.**

4. The motion to dismiss came too late because at the time it was made and heard the cause was conditionally in final judgment, and proceedings for its final determination were pending and immediately before the court. Further delay was then impossible, and the reason for the statute had ceased to exist, and the provisions of the statute were not applicable. The court could not, in the face of the motion for judgment conditionally granted, have found the cause to be one to which the statute in question could apply.

Opinion filed April 29, 1915. Rehearing denied May 18, 1915.

An appeal from the District Court of Benson County, *Burr,* Special Judge.

Affirmed.

*Cowan & Adamson* and *H. S. Blood,* for appellant.

The showing of defendants on their application for a dismissal was

absolute against the plaintiff, and they were entitled to a formal order dismissing the case as a matter of right. Code, 1913, § 7598; Lambert v. Brown, 22 N. D. 107, 132 N. W. 781.

R. A. Stuart (Newton, Dullam, & Young of counsel,) for respondent.

The order of the district court refusing to dismiss the action is not appealable. Strecker v. Railson, 19 N. D. 677, 125 N. W. 560.

Notice of appeal may be served by mail. Gooler v. Eidsness, 18 N. D. 338, 121 N. W. 83.

The service was complete from the time the paper was deposited in the postoffice, properly addressed and postpaid. Clyde v. Johnson, 4 N. D. 92, 58 N. W. 512; 4 Wait, Pr. 622; Griffin v. Walworth County, 20 S. D. 142, 104 N. W. 1117.

The order is not a part of the judgment roll. Mooney v. Donovan, 9 N. D. 93, 81 N. W. 50.

On defendant's application for dismissal, they were not, as a matter of right, entitled to an order of dismissal. Lambert v. Brown, 22 N. D. 108, 132 N. W. 781.

On such motion, the court has the right to exercise an impartial, legal discretion; such a discretion as will subserve the ends of justice, and not impede or defeat such purpose. Bailey v. Taaffe, 29 Cal. 423; Ferris v. Wood, 144 Cal. 426, 77 Pac. 1037; Atty. Gen. v. Nethercote, 11 Sim. 529, 10 L. J. Ch. N. S. 162; Wiltsey v. Wiltsey, 153 Iowa, 455, 133 N. W. 665.

Denial of such a motion accords with the principle that delay is excused where it has been caused or acquiesced in by the defendant, and frequent promises made to settle. 2 Wait, Pr. p. 612; Harris v. Ensign, 1 How. Pr. 103; Stinnard v. New York F. Ins. Co. 1 How. Pr. 169; Brown v. Vedder, 2 How. Pr. 71; Merritt v. Seacord, 1 How. Pr. 95; Munn v. Greenwood, 1 How. Pr. 32; Herman v. Pacific Jute Mfg. Co. 131 Cal. 210, 63 Pac. 344; Hillside Coal & I. Co. v. Heermans, 191 Pa. 116, 43 Atl. 76; Pickett v. Hastings, 39 Cal. 105; 1 Black, Judgm. 2d ed. § 354; Citizens' Nat. Bank v. Branden, 19 N. D. 489, 27 L.R.A.(N.S.) 858, 126 N. W. 102; Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 229, 130 N. W. 228.

If the defense was a sham, it was undoubtedly interposed to secure delay and to induce a settlement more favorable to defendants. Under

such circumstances a defendant will not be allowed to complain of delay. Herman v. Pacific Jute Mfg. Co. 131 Cal. 210, 63 Pac. 344.

But they did not invoke dismissal while the cause was at repose. Plaintiff was allowed to take steps *looking to a trial* without *objection*. This amounted to a waiver. Fernes v. Hutchinson, 1 Russ. & M. 22; Home Ins. Co. v. Howell, 24 N. J. Eq. 238; Troedor v. Hyams, 153 Mass. 536, 27 N. E. 775; Chapman v. Van Alstyne, 6 Wend. 517; People ex rel. Wineman v. Judge of Wayne Circuit, 35 Mich. 498; Miller v. Hemphill, 9 Ark. 488.

The defendants were estopped to claim the right to .dismiss, because their conduct was inconsistent with an intent to exercise such right. Bray v. Libby, 71 Me. 276; Ex parte Barclay, 49 Ala. 42; Herman v. Pacific Jute Mfg. Co. supra.

It is the rule that until he has notice of substitution of attorneys, a party to an action is justified in dealing solely with the original attorneys. Hoppin v. First Nat. Bank, 25 Nev. 84, 56 Pac. 1121; Parker v. Williamsburgh, 13 How. Pr. 250; Robinson v. McClellan, 1 How. Pr. 90; Waterhouse v. Freeman, 13 Wis. 339; Boyd v. Stone, 5 Wis. 240; Comfort v. Stockbridge, 38 Mich. 342; De Vall v. De Vall, 57 Or. 128, 109 Pac. 761, 110 Pac. 705.

In vacating a judgment, it is discretionary with the court as to what reasonable terms may be imposed. Warder v. Patterson, 6 Dak. 83, 50 N. W. 484; Griswold Linseed Oil Co. v. Lee, 1 S. D. 531, 36 Am. St. Rep. 761, 47 N. W. 955; Whereatt v. Ellis, 70 Wis. 207, 5 Am. St. Rep. 164, 35 N. W. 314; Exley v. Berryhill, 36 Minn. 117, 30 N. W. 436.

In opening a default judgment it is proper for the court to require that defendant shall agree to an immediate or speedy trial, without asking for a postponement. Chicago v. English, 198 Ill. 211, 64 N. E. 976; Muller v. Rost, 58 Hun, 604, 11 N. Y. Supp. 615.

Goss, J. While this action is against several, the real defendant is J. A. Minckler. He had given warranty deeds in May, 1905, to his co-defendant, Willard, and procured Delameter and wife to deed property owned by Minckler to Willard. These were deeds of trust for plaintiff's benefits as security for a balance of grain sale transactions. Willard accepted said trust. Personal judgment is asked against Minckler,

with foreclosure of said deeds as mortgages. Minckler admits by answer that the deeds were given at a time when an accounting was due between plaintiff and himself for over 200 car loads of grain shipped plaintiff; that the deeds were to secure any balance due plaintiff on an accounting which has never been had; that his tenants were evicted and his rents since 1907 appropriated by plaintiff. He asks for an accounting and a reconveyance of the trust property to him. Summons was served in May, 1908. Plaintiff's attorneys then were Bangs, Cooley, & Hamilton; defendants' attorneys subscribing the answer were Buttz & Sinness. For nearly six years the action remained untried. Reasons for this delay are immaterial except to establish that it was inexcusable. Meanwhile attorney Buttz had become district judge and disqualified to act; Bangs, Cooley, & Hamilton had been succeeded by attorney Stuart as plaintiff's attorney in April, 1914. He immediately served a new notice of trial upon Attorney Sinness. Minckler was temporarily absent from the state. Under date of April 6, 1914, Sinness wrote Minckler in Idaho as follows: "Saturday R. A. Stuart handed me the inclosed. I presume that I do not represent you in this matter now, and am therefore sending you the papers that you may make arrangements for the trial of the case. I do not know anything about the matter at all, since nothing has been done about it since Mr. Buttz has been elected judge nor for a long time before that. Kindly acknowledge receipt." Minckler did not receive this letter until May 16th, on his return home. Meanwhile, and on April 15th, Sinness had signed a stipulation with Stuart, referring the case for trial before a referee, and pursuant to the stipulation Judge Buttz had signed the order of reference accordingly. A month later, and on May 15th, a trial was had before the referee with defendant defaulting. Plaintiff's proof was submitted and judgment ordered against Minckler for over $28,000, with foreclosure of the deeds as mortgages. Judgment was erroneously entered May 21, 1914, upon the findings and conclusions of the referee and without confirmation or an order for judgment by the court. In his affidavit Minckler states that he had a year previously discharged the firm of Buttz & Sinness and notified them thereof accordingly, but evidently Sinness was somewhat uncertain as to whether he was Minckler's attorney or not. No order of substitution was made or filed. Early in June, 1914, Minckler went to Sinness for

information as to what had been done, and immediately employed his present counsel. It seems that the records in the case could not be located for sometime during which they were in the office of the clerk of the district court of Benson county. The records of that office show the entry of a judgment against defendant on May 21, 1914. Before any steps were taken to be relieved from this judgment, plaintiff's attorney, Stuart, in its behalf on July 24, 1914, made an application upon notice for an order setting aside and vacating the judgment erroneously entered May 21, 1914, for an order confirming the report of the referee and for entry of judgment thereon. This motion was referred on July 25th to Judge Burr to be heard at Rugby, August 8, 1914. On August 5, 1914, upon affidavits reciting the irregularities in the proceedings upon which the first judgment was entered upon the referee's report, Minckler by his attorneys, Cowan & Adamson and H. S. Blood, noticed for hearing before the judge of the second judicial district at chambers in Devils Lake a motion to dismiss, for the reason that the plaintiff had not brought the case to trial or taken proceedings for the final determination thereof within five years from the time of the commencement of said action, and in the notice of motion requested its reference to another district judge for determination, the judge of the second district being disqualified. This motion was referred to the judge of the ninth judicial district, and came on for hearing August 8th at the same time as the pending motion for vacation of the judgment and confirmation of the referee's findings. Many affidavits and counter affidavits were served for said hearing by both parties. The two motions were heard together and ruled upon August 8, 1914. The former judgment of May 21st, entered upon the referee's findings, was vacated and the motion to dismiss was denied. Confirmation of the report of the referee was conditionally granted, providing that defendant have "ten days within which they could exercise their right and option given them by this court for a rehearing of said action, either before the same referee or another referee, or before the district court of Benson county at the next term thereof, to put in their defense and evidence in support thereof; said option to be exercised within ten days by giving written notice thereof to R. A. Stuart; and, failing to exercise the said option, the said motion to be granted and the report of said referee to be in all things confirmed and judgment ordered entered thereon." Defendant refused

to exercise or avail of this option, and on August 20, 1914, on proof of such refusal, the court by an order reciting the record confirmed the findings of the referee and ordered judgment in conformity therewith, which was duly entered August 22, 1914. Soon after, defendant perfected two separate appeals,—one from the final judgment entered and the other from the order of August 8, 1914, denying his motion for dismissal.

No appeal will lie from the order denying the motion to dismiss. Persons v. Simons, 1 N. D. 243, 46 N. W. 969; Re Eaton, 7 N. D. 269–273, 74 N. W. 870. See notes to Olson v. Mattison, 16 N. D. 231–233, and Strecker v. Railson, 19 N. D. 677. But though the order to dismiss is nonappealable, it is nevertheless reviewable on an appeal from the judgment, as was done in Donovan v. Jordan, 25 N. D. 617, 142 N. W. 42. Of course, had the judgment entered been for dismissal for nonprosecution, it would have been reviewable on appeal; Lambert v. Brown, 22 N. D. 107, 132 N. W. 781. The last two cases cited bear upon the construction of § 7598, Comp. Laws 1913, upon which defendant bases its claimed right of dismissal.

Both of the briefs in this case fail to touch the real issue upon which this decision must turn. Appellant's brief is devoted to an analysis of the affidavits in the record to show that the long delay ensuing between the commencement of the action in 1908 and the resumption of proceedings in April, 1914, was wholly inexcusable and insufficient upon which to base any discretion, and relieve plaintiff from the penalty of a dismissal for nonprosecution. Defendant proceeds upon the theory that at the end of five years from its commencement, if the case was not finally determined, it was, as termed in the brief, dead, and he was entitled to its dismissal as a matter of right. Respondent's brief is largely devoted to an attempt to justify the delay because of involuntary bankruptcy proceedings brought against Minckler, and other matters shown by voluminous correspondence. It is possible that respondent has succeeded in excusing nontrial of the case for the period between its commencement and 1911. But the excuse must cover the entire period to avail. The statute cannot be tolled until 1911, and the five years be reckoned from that time. To do so would be to do violence to the terms of the statute itself. The inexcusable delay of three years from 1911 to 1914 of the five-year period would have warranted a dis-

missal as for nonprosecution under the statute, had the defendant moved dismissal prior to May, 1914. But this statute is analogous to the ordinary statute of limitations, and is a statute in repose, which, to avail, must be invoked. The case had been partially tried by a referee. Whether regularly referred is immaterial, as the referee's findings were confirmed subsequently. Before the motion for dismissal was noticed, a motion to confirm the findings and to enter judgment thereon had been made and was pending. It was the granting of this motion that placed the cause in final judgment. The plaintiff, therefore, had taken "proceedings for the final determination thereof," and defendant's day of grace under the statute had gone by. When the motion to dismiss was presented, in the face of the pending motion for final judgment the court could not have found the case to have been one then subject to dismissal under § 7598. It must have found before dismissing that proceedings had not been taken for the final determination of the cause, as well as found that the cause was not in judgment. And upon the hearing the court was confronted with the fact that findings had been made and the case ripe for its confirmation and entry of judgment thereon, under which conditions it was compelled to deny dismissal. The court ruled upon the condition then and there prevailing, and the motion was well taken or not according to the conditions to which it was subject when taken and presented. It is unnecessary to determine what disposal should have been made of a similar motion, had the court set aside the findings, and defendant, subsequently and before the trial of the case on merits, had interposed a motion to dismiss on these grounds and during the time when the case was not in judgment, and when no proceedings were in progress looking to the immediate final determination thereof. But on the facts presented the court could do aught but deny the motion to dismiss. This court is not concerned about the subsequent entry of this judgment by default pursuant to conditions under which the temporary vacation of judgment was allowed. No assignments of error challenge such proceedings subsequently taken, all assignments going only to the motion to dismiss, under the contention that the court should substitute relief of dismissal upon the motion for the final judgment entered in plaintiff's favor. The judgment appealed from is affirmed.