J. E. BURKE, Respondent, v. MINNEKOTA ELEVATOR COMPANY, Appellant.

(186 N. W. 948)

**Dismissal and non-suit — refusal to dismiss for failure to bring action to trial within five years held not error.**

1. In an action for conversion of wheat in 1909 where suit was instituted in January, 1914, and was not brought to trial until January, 1920, after a change of venue had been taken by the defendant, in December, 1918, from Ward county to Pierce county, it is *held*, for reasons stated in the opinion, that the trial court did not err in refusing to dismiss the action for failure to bring the same to trial within five years, pursuant to Section 7598 C. L. 1913.

**Trover and conversion — verdict for conversion of wheat sustained.**

2. In such action, it is *held*, for reasons stated in the opinion, that the special verdict of the jury finds support in the evidence.

**Interest — judgment for interest from date of conversion to date of verdict, where jury did not find plaintiff entitled to interest, held erroneous.**

3. In such action, where the conversion of wheat occurred in 1909 and a jury, by its special verdict, allowed the market price therefor existing at the time of such conversion without any finding that the plaintiff was entitled to interest upon such amount from the date of conversion, it is *held*, for reasons stated in the opinion, that the trial court erred, in its order for judgment, permitting plaintiff to recover

interest for over ten years upon the amount found by the jury.

Opinion filed Jan. 25, 1922.   Rehearing denied Feb. 20, 1922.

Action in District court, Pierce county, *Buttz, J.*

Defendant has appealed from the judgment.

Judgment modified.

Per Curiam opinion.

*F. B. Lambert,* for appellant.

*E. T. Burke,* for respondent.

## Statement.

PER CURIAM.   This is an action for the conversion of wheat.   Judgment was entered for the plaintiff upon a special verdict.   From such judgment the defendant has appealed.   The following facts appear from the record: The plaintiff seeks recovery for wheat converted in September, 1909.   This action was started January 26, 1914.   The answer was served February 16, 1914.   Notice of trial in Ward county was served July 13, 1914.   Defendant left with the clerk of the district court in Ward county, on July 18, 1914, an affidavit for change of venue based on the prejudice of the judge and of the county.   No papers had then been filed with the clerk, and the defendant states that the motion papers for a change of venue were left with the clerk to be filed immediately upon filing of plaintiff's papers.   On the back of these papers is a statement by the clerk: "Case not filed up to date, January 6, 1917.   Returned unfiled."   Such motion papers were later filed with the clerk in Ward county November 2, 1918.   Prior to that time the plainiff, on November 9, 1917, had served a new notice of trial in Ward county and a note of issue.   On December 18, 1918, the trial judge ordered the place of trial of the action to be transferred to Pierce county.   The application and order changing the place of trial was made without notice to, or participation by, the plaintiff, as the trial judge subsequently found.   On February 7, 1919, the complaint, notice of trial, note of issue (filed in the district court of Ward county, November 9, 1917), and the motion papers

for change of venue, together with the order of the court, were filed with the clerk in Pierce county. The answer was not filed with the clerk in Pierce county until July 2, 1919, and apparently not at all with the clerk in Ward county. On May 24, 1919, the defendant prepared motion papers for dismissal of the action for failure to prosecute, pursuant to the provisions of § 7598, C. L. 1913. By stipulation of the parties, the hearing of this motion was continued from June 2, 1919, until June 30, 1919. On July 2, 1919, Hon. A. G. Burr, district judge, denied the motion. In an extensive memorandum opinion, he stated that neglect on the part of the plaintiff must appear; that it could not be considered neglect on plaintiff's part not to urge the case for trial between the time when defendant first left with the clerk motion papers for change of venue and the time when the application therefor was granted; that the defendant took change of venue before the expiration of the 5-year period, and did not pay his filing fee and get the case on the Pierce county calendar until after the expiration of the five years; that after December, 1918, the delay occasioned was so occasioned by the defendant. In January, 1921, the action came to trial before Hon. C. W. Buttz, trial judge. The defendant again presented the motion for dismissal of the action for failure to prosecute, and again the motion was denied.

At the trial the plaintiff gave testimony to the following effect: He owned one-half section of land about five miles from defendant's elevator at Sawyer. In 1909 the farm was operated under a cropper's contract with one Myatt. This contract reserved title in all crops in the plaintiff until division to secure and repay advances of the plaintiff and an indebtedness owing by Myatt to the plaintiff, stated in the contract to be $2,500 and interest. Between September 26 and 30, 1909, the wheat was threshed. At that time Myatt owed the plaintiff over $2,700. Prior to the time of threshing, the plaintiff notified the agent of the defendant concerning his claims to the grain. At the time of threshing, the wheat was hauled direct from the machine, with the exception of two loads. The plaintiff kept track of the wagons as they left the machine, and was driving back and forth from the farm to the elevator. He testified that 1,546 bushels went to the defendant's elevator. Plaintiff had made a memorandum of the wheat delivered, which he secured from examining plaintiff's books. That at that time the agent told him he had paid Myatt for the same number of bushels for which plaintiff

was paid; that he showed him the books where he had made that settlement of the grain. He received payment from the elevator for 557 bushels, 30 pounds. This was No. 1 Nor. wheat and the price then was 88 cents. The memorandum, on the stationery of the defendant, shows 557 bushels, 30 pounds, After threshing was finished he made demand from the defendant. The agent of the defendant advised him that Myatt got his cash ticket. Myatt left September 30th, and the plaintiff has not seen him since. The defendant's answer is in the nature of a general denial. The former agent of the defendant at Sawyer did not testify, having gone, years ago, to British Columbia. The superintendent of the defendant testified. He produced its books of business at Sawyer, its canceled checks and storage tickets for the year 1909 and beyond, but not the scale book, which was lost or taken. The evidence in these books tends to show that the defendant did not receive the grain as testified by the plaintiff, and that the price of the grain, so received by the elevator company, was paid to the plaintiff, excepting one check of $86.25 for 98 bushels paid to Myatt. The trial court, by reason of the delay in this action, refused to permit the plaintiff to recover a greater price for the wheat than that existing at the time of the conversion. The defendant requested a special verdict. The jury, by its special verdict, found that defendant received 1,115 bushels of wheat; that the price then was 88 cents; that it paid plaintiff for 557 bushels 30 pounds, and another person for the balance; that Myatt then owed the plaintiff $2,773.34. Upon this verdict, returned February 3, 1920, the trial judge, on February 10, 1920, ordered judgment for $490.60, with interest thereon at 6 per cent. from September 30, 1909. Judgment accordingly was entered May 7, 1921, for the total amount of $891.18. The defendant has specified 34 assignments of error. In general, it contends that the trial court erred in not dismissing the action, pursuant to § 7598, C. L. 1913; that the trial court erroneously received oral testimony concerning ownership of the land; that the cropper's contract was improperly received in evidence; that the evidence of delivery of the grain is insufficient to warrant recovery; that the plaintiff failed to prove indebtedness owing by Myatt to him; that remarks of the court in the presence of the jury were prejudicial; that the market value of the grain was established without proper foundation; that the court erroneously gave general instructions in submitting the special verdict; that the

court erroneously, in its order for judgment, permitted plaintiff to recover interest upon the verdict returned by the jury.

## Decision.

Upon review of the record we are of the opinion that the contentions of the defendant are without merit, except as hereinafter noted. We are further of the opinion, upon this record, that the trial judge did not err in overruling defendant's motion to dismiss for neglect, for a period of 5 years after the commencement of the action, to bring the same to trial and to take proceedings for its final determination pursuant to § 7598, C. L. 1913. We in no manner commend the delay in litigation evidenced in this record. It has been needless, and serves, in a manner, as a reproach to the administration of justice. Nevertheless, neglect of the defendant must not be considered plaintiff's neglect. Apparently, much of the delay occasioned in this action has arisen through needless and improper, so termed, legal sparring of the attorneys. The defendant could have avoided much of the delay if it had so desired. At any time after 10 days from the time of the service of the summons and complaint, the defendant could have secured an order from the trial judge, without notice, requiring the same to be filed within a specified time, or in default of compliance, that the action be deemed abandoned. § 7958, C. L. 1913. At any time after issue was joined, the defendant could have placed the action upon the calendar for trial, by serving a notice of trial and filing a note of issue. § 7610, C. L. 1913. As easily, in July, 1914, could the defendant have secured the consideration and determination of the trial court upon its application for change of venue, as it did, in December, 1918. It deemed it expedient to wait, and it did wait until November, 1918. The 5-year period of time had not then elapsed since the institution of the action. It then delayed securing the change of venue, which apparently was made ex parte without notice to the plaintiff, from November, 1918, until February 2, 1919, when the transfer was made to Pierce county. The defendant was securing the transfer, and it was his duty to see that it was made and the necessary prerequisite fees paid to the clerk to whom the case was transferred. §§ 3499—3548, C. L. 1913. Under all the circumstances we are not inclined to disturb the findings of the trial court that there was not an unreasonable neglect or a prima facie neglect on the part of the plaintiff

which should cause dismissal under the statute. § 7598, C. L. 1913. See Lambert v. Brown, 22 N. D. 107, 132 N. W. 781; Donovan v. Jordan, 25 N. D. 617, 142 N. W. 42; Miller Co. v. Minckler, 30 N. D. 360, 152 N. W. 664.

The evidence submitted was sufficient to sustain the special findings of the jury. We are of the opinion, however, that the trial court erred in permitting the plaintiff to recover interest upon the verdict returned by the jury. The issue of interest was not submitted to the jury. Previously the trial court had refused the plaintiff the right to recover the highest price for wheat existing between the time of the conversion and the time of the trial by reason of the delay in this action. Upon the record, it was improper for the trial court, as a matter of law, to award interest to the plaintiff. Section 7143, C. L. 1913; Johnson v. Nor. Pac. Ry. Co., 1 N. D. 354, 364, 48 N. W. 227; Ell v. Nor. Pac. Ry. Co., 1 N. D. 336, 353, 48 N. W. 222, 12 L. R. A. 97, 26 Am. St. Rep. 621; Seckerson v. Sinclair, 24 N. D. 625, 638, 140 N. W. 246. The plaintiff is not in a position to complain because the question of interest was not submitted to the jury as a question of fact. Accordingly, the order for judgment should permit recovery of the plaintiff in the sum of $490.60, with the interest thereon at 6 per cent. from the date of the verdict. It is ordered that judgment be entered accordingly, without costs to either party upon this appeal.

GRACE, C. J. (specially concurring). I am of the opinion that the trial court did not err in overruling defendant's motion to dismiss the action. In my opinion the defendant failed to show that the plaintiff took no action to bring the case to trial within the 5-year period specified in § 7598, C. L. 1913.

I am also of the opinion that the evidence was sufficient to sustain the special finding of the jury, and that the judgment as modified should be affirmed.

ROBINSON, J. (dissenting). This is an action for the conversion of wheat on September 30, 1909. On a special verdict the plaintiff recovered a judgment against defendant for the value of 557½ bushels of wheat at 88 cents a bushel, being $490.60. The interest and costs made it $891.18. The verdict is dated February 3, 1921.

Defendant made two motions to dismiss the action because it was not brought to trial in 5 years. The motions were under the statute, which is, in effect, that when a party neglects or fails for 5 years to bring an action to trial, it is deemed to be dismissed and abandoned, and the court shall make an order dismissing the action. Code, § 7958. Here is the chronology of the case: November 2, 1908. Cropper's lease by plaintiff for 1909. September 30, 1909. Alleged conversion of cropper's share of wheat. January 26, 1914. Action commenced. November 9, 1917. After the lapse of 3 years and 9½ months, complaint filed. June 30, 1919. Five years and 5 months after the action was commenced, first motion was made to dismiss. June 19, 1921. Second motion to dismiss. February 2, 1921. Date of trial, which was 7 years after the commencement of the action.

There is no claim that defendant stipulated or in any way consented to a continuance of the action. It is true that on December 9, 1918, defendant obtained an order changing the place of trial from Ward county to Pierce county, and it is claimed that he thereby delayed the trial, but there was a lapse of 4 years and 10 months from the commencement of the action until the change of venue. The statute is peremptory. It is that an action shall be dismissed for a neglect or failure to bring it to trial within 5 years. The court has held the statute to be analogous to an ordinary statute of limitations; that it is a statute of repose; also, that an inexcusable delay during 3 of the 5 years would warrant a dismissal under the statute. Miller v. Minckler, 30 N. D. 367, 152 N. W. 664.

In his brief, on p. 6, counsel for plaintiff says:

"The first motion to dismiss was made before the 5-year period had expired."

That is not true, because the action was commenced by personal service of the summons and complaint on January 26, 1914, and the first motion to dismiss was on June 2, 1919, and to accommodate counsel for plaintiff, it was continued until June 30, 1919. That was 5 years and 5 months after the commencement of the action. Then it is said:

"The next term of court was reached after the 5-year period, so plaintiff brought the action for trial at the first opportunity."

"Doubtless counsel means the first opportunity after the first motion to dismiss, but not the first, the second, nor the third opportunity during the first 5 years. Then he says:

"Proceedings were on for a trial of the action when the motion to dismiss was renewed."

But the second motion was made on January 19, 1921, and the trial was on February 2, 1921, 7 years after the commencement of the action, and nearly 11 years after the cause of action accrued. If the 5-year limitation statute does not apply in this case, then it is a practical nullity.

The wheat was grown under a cropper's lease dated November 2, 1908, acknowledged by the lessor, but not by the lessee, and recorded in the office of the register of deeds in August, 1909. The land described is 80 acres of N. W. ¼ 31, and 242 acres in N. W. ¼ of 32, 153, 81. The lease was in the nature of a chattel mortgage on all the crops to secure an estimated debt of $2,500 and interest. It should have been filed and indexed as a chattel mortgage. The record was not notice to the defendant. Wheat is grown to be sold. Croppers are poor, and must sell their share promptly after threshing to pay labor, liens, expenses, and chattel mortgages. Hence the time for a lessor to look after his interest in crops is immediately after the threshing, and not after the lapse of nearly 4 years. And when an action is commenced against an elevator company to make it pay a second time for grain purchased and paid for in good faith, there are good reasons against delay in the prosecution of the action. It is well known that croppers and elevator agents are of a movable class. They are here this year and away next year. They are gone and not to be found. In the course of 5 or 10 years some die, some remove to parts unknown, and some forget about matters in which they have no interest. In such a case if the plaintiff may delay the commencement of an action for 4 years and then delay the trial for 7 years, defendant will be at his mercy, because he may then safely testify to anything to win his case. Of course the presumption is that every man is honest and truthful, but the policy of the law is not to lead men into temptation.

The plaintiff does not present an appeal to equity. At about the date of making the cropping contract he took from the cropper a chattel mortgage on his whole farming outfit, 12 horses, farm machinery, and such like, worth probably $3,000, to secure $1,754, and in October, 1909, he foreclosed the mortgage and sold all of the property to himself for $1,863, charging an attorney's fee, $75. Was it a wonder that the cropper ran off and quit the country?

There is no occasion for considering the alleged errors. For the

failure to move or bring the case to trial within 5 years, the judgment should be reversed, and the action dismissed.