Tora NORD, Plaintiff and Respondent,

v.

Oscar KOPPANG, Defendant and Appellant.

No. 8076.

Supreme Court of North Dakota.

Nov. 19, 1964.

Rehearing Denied Dec. 22, 1964.

Letnes & Hansen, Grand Forks, for defendant and appellant.

Ringsak & Webb, Grafton, for plaintiff and respondent.

BURKE, Judge.

Upon a motion for a default judgment in this case, the trial judge made an order allowing plaintiff to proceed "as if by default, unless defendant filed his answer within 30 days from the date of the order." The defendant has appealed from this order.

Plaintiff commenced this action by the service of a summons only, on August 2, 1957. On August 23, 1957, the complaint was filed in the office of the clerk of the district court. Rule 4(b), N.D.Civ.P. provides: "* * * If in such case (where the complaint is not served with the summons) the complaint is not filed with the clerk within twenty days after service of

the summons the action will be deemed discontinued." The defendant, apparently relying upon the fact that the complaint had not been filed within 20 days after the service of the summons, chose to consider the action discontinued and did not answer.

On July 28, 1961, the plaintiff served Notice of Application for Judgment by Default upon the defendant.

The defendant interposed objections to· the allowance of the application upon the ground that under Rule 4(b), supra, the action is deemed discontinued. On October 2, 1961, the trial judge ordered that the plaintiff would be allowed to prove her case by default unless the defendant filed his answer to the complaint within 10 days from the date of the order.

On October 5, 1961, defendant moved the court to set aside its order of October 2, or to suspend its operation to enable defendant (1), to show lack of excusable neglect on the part of defendant, (2), to require plaintiff to prove excusable neglect as a reason for his delay and (3) to allow the defendant 30 days to answer if the motion was in other respects denied. Before this motion was decided and on May 16, 1962, another motion was filed asking (1), that the court vacate its order of October 2, 1961, for the reason that no showing of excusable delay had been made, and (2), that the action be dismissed with prejudice. This motion was noticed for hearing on May 23, 1962.

On May 17, 1962, the trial judge ordered that the motion of October 5, 1961, "* * * is, in all things, denied except that the defendant shall have thirty (30) days from the date hereof in which to file his answer." This order does not mention the motion of May 16, 1962. It had been noticed for May 23rd and apparently was not considered.

On June 1, 1962, the defendant appealed to the Supreme Court. The Notice of Appeal contains the following language: "The above named defendant appeals to the Supreme Court of the State of North Dakota, from the Memo Decision of the Honorable Albert Lundberg dated October 2, 1961, and the Supplemental Memo Decision dated May 17, 1962, issued in the above action, and defendant appeals from the whole of said orders."

We point out that memorandum decisions of trial courts are not appealable. Orders entered upon such decisions are appealable if they come within the statutory definition of appealable orders. Section 28–27–02, NDCC. An appeal from an order must be taken within 60 days after written notice of the order. Section 28–27–04. At the time this appeal was taken the time for appeal from the order of October 2, 1962, had expired if that order was appealable. This appeal may therefore be considered only with respect to the order of May 17, 1962, which denied the motion of October 5, 1961.

The only matters presented to the court by this motion were the issue of excusable neglect on the part of the plaintiff and defendant's request for additional time to answer in the event that the motion was otherwise denied.

The trial court found that plaintiff's delay in prosecuting the case was excusable and ordered the defendant to answer within 30 days in accordance with defendant's request.

The first question for decision is whether such an order is an appealable order. The order is purely interlocutory in character. It decides nothing except that the plaintiff may proceed with her case. Appeals from the interlocutory orders are entirely creations of statute and lie only in cases authorized thereby. Schutt v. Federal Land Bank of St. Paul, 71 N.D. 640, 3 N.W.2d 417; Stimson v. Stimson, 30 N.D. 78, 152 N.W. 132.

By the provisions of Section 28–27–02, NDCC the following orders are made appealable.

"1. An order affecting a substantial right made in any action, when such

order in effect determines the action and prevents a judgment from which an appeal might be taken;

"2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment;

"3. An order which grants, refuses, continues, or modifies a provisional remedy, or grants, refuses, modifies, or dissolves an injunction or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding or pursuant to the provisions of section 35–22–04, or which sets aside or dismisses a writ of attachment for irregularity;

"4. An order which grants or refuses a new trial or which sustains a demurrer;

"5. An order which involves the merits of an action or some part thereof;

"6. An order for judgment on application therefor on account of the frivolousness of a demurrer, answer, or reply; or

"7. An order made by the district court or judge thereof without notice is not appealable, but an order made by the district court after a hearing is had upon notice which vacates or refuses to set aside an order previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice."

The order appealed from does not fall within any of the provisions in this section unless it be subdivision 5 thereof which permits an appeal from an order involving the merits or some part thereof.

Upon many occasions we have had under consideration orders which have been asserted to involve the merits of an action. We have said that the words "involves the merits" as used in this statute are sufficiently broad to embrace orders which pass upon substantial legal rights whether they relate directly to the cause of action or the subject matter in controversy. Swiggum v. Valley Investment Co., 73 N.D. 422, 15 N.W.2d 862; Hauser v. Security Credit Co., 66 N.D. 399, 266 N.W. 104.

In Ostlund v. Ecklund, 42 N.D. 83, 171 N.W. 857, we quoted with approval from 2 Enc.Pl. & Pr. 75 as follows:

"Where statutes allow and appeal from interlocutory orders 'affecting a substantial right' or 'involving the merits,' an order in the nature of a final judgment decisive of some question or point in the case is meant, as distinguished from mere rulings on matters of practice arising during the progress of the cause."

In applying the above principles we have held that orders similar to the one in the instant case are not appealable. Ferguson v. Jensen (order denying motion for judgment on the pleadings) 76 N.D. 647, 38 N.W.2d 560; Union Brokerage Co. v. Jensen, (order denying motion to dismiss) 74 N.D. 154, 20 N.W.2d 343. In John Miller Co. v. Minckler, 30 N.D. 360, 152 N.W. 664, the order denied a motion to dismiss an action for non-prosecution. In holding that such an order was not appealable, this court also held that the order was reviewable upon appeal from a final judgment entered in the case.

We see no substantial distinction between the instant case and Miller v. Minckler. We are of the opinion that the application of the rule in that case should be followed here.

The order from which an appeal is attempted in this case is not appealable and the appeal is therefore dismissed.

MORRIS, C. J., and TEIGEN, STRUTZ, and ERICKSTAD, JJ., concur.